Inner Group Financing Corporation v. Halsted Exchange National Bank of Chicago and Florence E. Johnston, Defendants.

Halsted Exchange National Bank of Chicago, Appellant, v. Inner Group Financing Corporation and Florence E. Johnston, Appellees.

Gen. No. 38,966.

Opinion filed November 30, 1936.   Rehearing denied December 14, 1936.

JOHN M. LEE and CARL M. LOOS, both of Chicago, for appellant.

SINDEN & HASSELL, of Chicago, for certain appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff brought suit against the Halsted Exchange National Bank of Chicago, defendant, alleging that it had wrongfully charged the amount of two checks to plaintiff's deposit account, and upon trial by the court had judgment for $800. Defendant appeals.

Plaintiff's statement of claim alleged that it was an Illinois corporation; that it opened a checking account with the defendant bank and delivered to it a copy of a resolution adopted by it which authorized the bank to pay out the funds of the plaintiff corporation on deposit with it upon checks "signed in the name of this Corporation by its Treasurer"; that while this resolution was in full force and effect defendant honored and paid out on two checks money belonging to plaintiff— one for $500, another for $300—both signed by Florence E. Johnston, individually, and not signed in the name of plaintiff by its treasurer in accordance with the resolution; that these moneys were not paid out upon any obligation or indebtedness owed by plaintiff and the amounts were wrongfully charged to plaintiff's account.

Defendant first says in this court that there was no proof that plaintiff made a demand on defendant for the amount of these checks. This point was not made upon the trial in any way and it is well established that such a point cannot be made for the first time upon appeal. *Bekins Household Shipping Co. v. Grand Trunk R. System,* 162 Ill. App. 497; *Chicago, I. & L. Ry. Co. v. Monarch Lumber Co.,* 202 Ill. App. 20; *Erickson v. Gregory,* 275 Ill. App. 286.

Florence E. Johnston was plaintiff's treasurer, and defendant says that it was advised that the moneys in

plaintiff's deposit actually belonged to her, and that she was authorized to withdrew these moneys on checks signed by her individually. Cases are cited like *Hanna v. Drovers' Nat. Bank,* 194 Ill. 252, but in that case, like others cited by defendant, the bank had notice before the moneys were paid out that the fund belonged to another, and in such a case it is held that the bank may refuse to pay it to the depositor and be compelled to pay it to the real owner. In the instant case it was affirmatively shown that the bank had no notice that Florence E. Johnston claimed to own the money on deposit in the name of plaintiff until some weeks after the amount of the checks had been paid and plaintiff's account charged.

Defendant's theory seems to be that if the checks were improperly honored the defendant paid out its own money and not the money of plaintiff, and before plaintiff can have judgment it must prove that it owned the money in its account. We do not follow this reasoning. When defendant charged plaintiff's account with the amount of these checks it reduced by so much plaintiff's deposit. If defendant paid out its own money and not that of plaintiff, defendant should credit plaintiff's account with the moneys erroneously paid out before it can say that it belongs to another.

When a corporation opens a deposit account the bank must be satisfied that the officer signing the checks is authorized to do so, and if it pays on an unauthorized check it takes the risk of being held liable for the amount irregularly paid. Among the many cases holding the bank liable under such circumstances are *Lund v. Seamen's Bank,* 37 Barbour (N. Y.) 129; *Citizens Nat. Bank v. Alexander,* 120 Penn. 476; *Dalmatinsko, etc. v. First Union Trust & Sav. Bank,* 268 Ill. App. 314; *Ellis v. Western Nat. Bank, etc.,* 136 Ky. 310; *Havana Cent. R. Co. v. Central Trust Co. of New York,* 204 Fed. 546; *Guaranty State Bank & Trust Co. v. Oklahoma Coal Co.,* 209 Fed. 350. In the first two cases just cited

it was also held that a bank receiving money from a depositor enters into an implied contract to honor his checks and cannot allege, after the money has been erroneously paid out, that the money belonged to someone else.

Even if it could be invoked as a defense that the moneys represented by the checks belonged to Florence E. Johnston individually, and not to the plaintiff corporation, we find no evidence in the record proving this to be the fact. When the corporation was formed Miss Johnston was to put in $1,800; of this amount she had put in $800; apparently she was dissatisfied, and there is a suggestion that she wished to withdraw her money and put it into another business, associating herself with a John J. Mulkern. The checks in question were made payable to Mulkern, who collected them.

Miss Johnston testified that the president of plaintiff corporation, Mr. McDonnell, verbally authorized her to withdraw this money. McDonnell denies this; he testified that he never had any conversation with her about withdrawing the funds and that she did not claim that these funds were her own; that the first he knew of the withdrawal of the funds was the day after Thanksgiving when he called up the bank to ascertain how the account stood and was told the account had been closed; that he immediately went to the bank, got the checks and statement and took them to his attorneys, and this suit was commenced to recover the money. We find no valid defense to the claim of plaintiff and the finding of the court that defendant was liable was proper.

Defendant petitioned the court to make John J. Mulkern and Florence E. Johnston defendants and third parties, and a "third party notice" was served upon them. Such procedure is authorized under Rule 38 of the municipal court, where it is provided that where a defendant claims to be entitled to contribution "or indemnity over against any person not a party to the

action," he may, by leave of court, issue a "third party notice" to be served upon such person, stating the nature and grounds of defendant's claim to contribution or indemnity, and requiring the appearance of such person served with summons. This notice was served on Mulkern and on Miss Johnston, but Mulkern failed to appear and was defaulted. Miss Johnston appeared and testified. Her defense to defendant's claim of indemnity was that when she was interviewed by an officer of defendant bank in January, 1935, and gave it an affidavit asserting that she claimed the fund, she received from the bank a letter as follows:

"On receipt of your affidavit of January 5, 1935, with reference to checks for $500.00 and $300 dated November 5, 1934, and November 12, 1934, respectively, payable to John Mulkern which have been signed by you personally and charged to the corporation account of Inner Group Finance Corporation, we hereby state that we will not implicate you should suit be brought against us by the Inner Group Finance Corporation of which you have been secretary and treasurer." Defendant argues that this was not a release to Miss Johnston of liability and that it is entitled to judgment against her.

The trial court in its order found that Florence E. Johnston has a good defense against the claim of defendant bank, as it agreed it would not implicate her should suit be brought against it. It was ordered that judgment be entered in her favor against the bank. We think the court properly interpreted the evidence on this point. The court also entered judgment against Mulkern in favor of the bank for $800. This also was proper.

We see no reason to disagree with the conclusion of the trial court and its judgment is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.