Fred H. Larocque, Plaintiff. Ina F. Taylor et al., Appellants, v. William H. Baker et al., Appellees.

Gen. No. 9,255.

Opinion filed January 21, 1938. Rehearing denied May 3, 1938.

Gower, Gray & Gower, of Kankakee, for appellants.

A. L. & C. M. Granger, both of Kankakee, for appellee Emily J. Baker.

Mr. Justice Wolfe delivered the opinion of the court.

The appellants, Fred H. Larocque et al., brought suit in the circuit court of Kankakee county against the appellees to foreclose a mortgage which had been executed by William H. Baker. The note and mortgage had been executed April 8, 1927, for the sum of $3,325, due ten years after date, with interest at six per cent per annum. The defendant, William H. Baker, defaulted in his interest payments and the appellants brought suit to foreclose the note and mortgage.

The plaintiffs charge that John Baker and his wife, Emily J. Baker, executed a mortgage on the premises in question on February 10, 1909;. that John Baker died leaving a last will and testament in which he gave his widow, Emily Baker, a life estate in the premises with remainder to the four children of John and Emily Baker; also three legacies of $1,000 each payable to three of their children at the death of Emily Baker, which is a charge upon the real estate. The complainant further charges that on February 7, 1924, Emily J. Baker, the widow of John Baker, life-tenant of said premises, purchased from the holders, the note and mortgage of John Baker and had the same assigned to herself; that the principal and interest on said note, secured by said mortgage, had not been paid to the holder of the note and mortgage since February 7, 1924, and because of the failure in the payment of the interest on said mortgage indebtedness the said mortgage ceased to be a lien upon said premises or any part thereof. An accounting is asked for between William H. Baker and the plaintiff, and that the trust deed given by the defendants, William H. Baker and Margery Baker, be declared a valid first lien upon the property described therein, subject only to the life estate of Emily J. Baker and to the payment of its

pro rata one-fourth part of the three legacies of $1,000 each.

Emily J. Baker filed her answer in which she disclaimed any knowledge of allegations concerning the debt of William H. Baker. She admits that she is the widow of John Baker, deceased, and that she has a life estate in his property under his will, duly proved and admitted to record. She admits the mortgage to the Northwestern Mutual Life Insurance Company by John Baker and herself. She denies that that debt has been fully paid, but says that on the 7th day of February, 1924, she bought the note and mortgage in question from the Northwestern Mutual Life Insurance Company for the sum of $10,061.11, the amount then due, principal and interest on said note and mortgage, and that said note and mortgage were on that day assigned by said insurance company to her. She admits that no payments have been credited on said note and mortgage, principal or interest since February 7, 1924. She denies that by reason of the failure to make said credits, said mortgage has ceased to be a lien, but on the contrary alleges that said mortgage is in full force and effect.

The court found the issues in favor of the plaintiff so far as the mortgage of William H. Baker was concerned and decreed, a foreclosure on his one-fourth interest covered by the mortgage given by him to the appellants. Also it is decreed that this one-fourth interest was subject to the three $1,000 legacies as before mentioned, and also that the same be sold, subject to the life estate of Emily Baker, and also subject to the $10,000 mortgage held by Emily J. Baker which had been assigned to her in 1924.

The appellees, in their brief and statement of facts say, ''It is not averred in the bill of complaint that the $10,000.00 mortgage indebtedness was past due at the time of the assignment of the note and mortgage

to Emily J. Baker. The appellants, in their reply brief, state that on page 3 of the Abstract and page 11 of the record, the complainant alleges that the debts secured by the mortgage given by John Baker to the Northwestern Mutual Life Insurance Company, was then due. The appellee has filed a motion to strike the appellants' reply brief from the files, because it contains new matter not set forth in the original brief and argument.'' The appellant has filed a counter-affidavit resisting this motion and still insists that the abstract shows that the complaint states that the note and mortgage was then due. An examination of the abstract shows that appellants are correct in stating that the abstract does show that the note was then due, but the bill of complain, as shown by the record, does not contain any such allegation. The party preparing the abstract was mistaken as to what the original bill of complaint contained. Whether the complaint did, or did not show this note and mortgage of $10,000 was due and unpaid at the time of the assignment to Emily Baker, we think it is of little consequence, so far as the merits of this controversy is concerned. Technically, the reply brief is not correct and contains matters which are not bourne out by the record, but we have concluded to consider the reply brief, and the motion to strike the same is hereby denied.

The material question for the court to decide is, whether the statute of limitations has run against the note and mortgage of $10,000, which Mrs. Emily Baker purchased from the Northwestern Mutual Life Insurance Company. It is conceded that at the time she purchased this note and mortgage that the statute of limitations had not run against it, but was a valid and existing lien upon the real estate owned by her husband. Mrs. Baker purchased this note and mortgage out of her own funds and had the same assigned

to her and shortly thereafter, had the assignment recorded in the county in which the real estate is located. This occurred more than three years prior to the time that William H. Baker executed the note and mortgage on his undivided one-fourth interest in the real estate, so that the mortgagee in the William H. Baker mortgage had notice of the assignment to Mrs. Baker.

It is conceded that after the assignment of the note and mortgage to Mrs. Baker, no money has actually been paid on this note and mortgage up to the date of the foreclosure of the mortgage of Wm. Baker. It is seriously contended by the appellants that the statute of limitations has run against this mortgage and the same is now null and void, and that Mrs. Baker has lost her lien on the premises. The appellants charge in their bill, that Emily J. Baker has exclusive control of said land and receives all the income therefrom. This allegation is admitted by the appellees. The bill does not state in what capacity Mrs. Baker is in possession of the property, but she claims that she holds it in a dual capacity. "First: As life tenant under the Will of her deceased husband; Second: As mortgagee in possession under the mortgage that she purchased from the Northwestern Mutual Life Insurance Company." It will be observed that she mortgaged her interest in the property, but did not sign the note, so she was not personally liable for the payment of the note and mortgage.

The appellees contend that in either capacity in which she holds this property the statute of limitations would not run against her. They also contend that in a court of equity, she should not be held to the strict rule of law in regard to limitations. To this theory of the appellees' case we cannot agree, for we think that the ten-year statute, in regard to foreclosure of a mortgage, is binding upon a court of equity,

unless there are some facts or circumstances that takes it out of the general rule.

In volume 2, of "Jones on Mortgages" sec. 1536 at page 1034, we find the following: "If the mortgagee be a tenant for life of the mortgaged estate, and as such receives the rents, the statute does not run against the mortgage title. The concurrence of the tenancy for life, and the right to receive the interest on the mortgage in the same individual, renders it impossible for him to make any acknowledgment of that title to himself; but it being his duty as such tenant, to keep down the interest, the law will presume that he does so out of the rents received by him. This rule being in favor of the remainder-men, they can not afterward be permitted to contend that the interest thus deemed to have been kept down for their benefit was not in fact paid, and that the right to enforce the mortgage is barred by the statute; under such circumstances, the Statute of Limitations cannot be applied against the mortgage." Mr. Jones' work on mortgages has long been considered authoritative in this State.

Another valuable book on mortgages is "Reeves Illinois Law on Mortgages and Foreclosure." In volume II, sec. 642, under title "Mortgagee in Possession" is the following: "Where the mortgagee, after condition broken, and before the debt becomes barred by the statute of limitations, takes possession of the mortgaged property, the statute will not run against the mortgage debt while he retains such possession. In a case where a mortgagee had taken possession under these circumstances, it was said that 'by so doing she pursued one of the recognized modes, under the law, for the collection of the mortgage debt. She occupied the same position in that regard as an original mortgagee in possession, and became liable to account for the rents and profits actually received, or which by proper diligence she might have received, to

be credited upon the indebtedness from year to year. Manifestly, while she was thus proceeding to collect the debt, in a lawful manner, no statute of limitations could run against her. She had the right to remain in possession until the debt was fully satisfied.' " The case of *Mills v. Lockwood*, 42 Ill. 111, was a proceeding to enjoin a suit in ejectment. One of the allegations of the complaint was that the defendant was guilty of laches in asserting his right in the property. In passing on this question the court says: "On the point of laches, in not resorting to this remedy at an earlier period, the answer is, the statute of limitations has not run against the complainant, and he has been, all the time, since his purchase, in peaceable possession of the lands. . . . It is not understood that a statute of limitations, or rule of limitation in equity, runs against a possessor of real estate, but it runs against him who is out of possession."

In the case of *Parker v. Shannon*, 137 Ill. 376, we find this language: "Laches cannot be imputed to the complainant in bringing this bill, because he was in possession of the lots before the Tiffany judgment was rendered and had been in the continuous possession thereof ever since. A statute of limitations, or rule of limitation in equity does not run against a possessor of real estate, but it runs against him who is out of possession. . . . 'The possession is notice to all of the possessor's equitable rights, and he needs to assert them only when he may find occasion to do so.' "

In the case of *Newell v. Montgomery*, 129 Ill. 58, the court says, "The doctrine of laches cannot be invoked as a bar to the equitable title of the Montgomerys, for the reason that they are shown to have been in possession of said lot and in receipt of the rents therefrom ever since the day of the sale."

In the case of *Bradley v. Lightcap,* 195 U. S. 1, at page 17, which is a case in the Supreme Court of the United States from the Supreme Court of Illinois, the question to be decided by the court was whether or not the statute requiring the purchaser of land at a mortgage foreclosure, to obtain a deed within five years, was binding upon the purchaser when he had gone into possession of the premises. A part of the opinion is: ''The general rules of laches are not immutable to a party in possession of the lots and the rights thereof.'' The case of *Fountain v. Bookstaver,* 141 Ill. 461, at page 461 seems to be decisive as to the question before us in this case. The defendant purchased the notes and a mortgage on the property in question and immediately went into possession of the property. The court after discussing the question of the legality of the indorsement and transfer of the note and mortgage to Mrs. Bookstaver, held, that the assignee of the note and mortgage after default in the terms of the note or mortgage, had the right to go into the peaceable possession of the mortgaged premises the same as the mortgagee. The court then continues: ''It is further contended that the statute of limitations had run against the mortgage indebtedness, and therefore all right of possession to the mortgaged premises in the mortgagee, or his assignee, was at an end when the suit was brought. If this was an action by the holder of the mortgage to foreclose the same, or to obtain possession of the premises under it, there would be some question as to whether there is sufficient proof of payments on the mortgage indebtedness to prevent the bar of the statute; but if we are correct in our conclusion as to the rights of the defendant already in possession under the mortgage, no question of limitation is involved in the case. From what has already been said, it will be seen that Mary E. Bookstaver entered into possession in 1883,

after condition broken, and before the Statute of Limitations had run against the indebtedness. By doing so she pursued one of the recognized modes under the law for the collection of the mortgage debt. She occupied the same position in that regard as an original mortgagee in possession, and 'became liable to account for the rents and profits actually received, or which by proper diligence she might have received, to be credited upon the indebtedness from year to year, first in the extinguishment of the interest and then of the principal.' (*McConnel v. Holobush,* 11 Ill. 69.) Manifestly, while she was thus proceeding to collect the debt in a lawful manner, no statute of limitations could run against her. She had a right to remain in possession until the debt was fully satisfied.''

It is our conclusion that the court properly decreed that the sale of the one-fourth interest of William H. Baker covered by the mortgage in question, should be sold subject to the three legacies of $1,000 each, and to the life estate of Emily Baker, and to the mortgage indebtedness of $10,000 held by Emily Baker.

The sixth assignment of error relied upon for reversal is as follows: ''Having held, that the note of $10,000.00, given by John Baker, and the mortgage to secure the same held by Emily J. Baker, is not barred by the Statute of Limitations, the court erred in not requiring in its decree that the life-estate of Emily J. Baker in the property devised by John Baker should contribute pro rata towards the payment of said $1,000.00 note.'' The abstract contains nothing that would indicate that the trial court was ever asked to pass upon this proposition of law, and this question is raised for the first time in the Appellate Court. Our courts have frequently held that a question presented in this court for review must first be raised to the trial court, as it cannot be raised for the first time

in the Appellate Court. *Inner Group Financing Corp. v. Halsted Exchange Nat. Bank,* 287 Ill. App. 352.

We find no reversible error in this case and the judgment of the trial court is hereby affirmed.

*Affirmed.*