Illinois Bankers Life Assurance Company, Appellant, v. Arthur Dunas et al., Appellees.

Gen. No. 43,817.

Opinion filed December 10, 1947. Rehearing denied February 4, 1948. Released for publication February 5, 1948.

DENNIS J. O'TOOLE, of Chicago, for appellant.

FRANK T. JORDAN and STEPHEN J. SULLIVAN, both of Chicago, for appellees; STEPHEN J. SULLIVAN, of Chicago, of counsel.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

Plaintiff filed a complaint to reforeclose a trust deed securing the payment of certain notes, for the purpose of joining the alleged owners of the equity of redemption who were not made parties defendant in the former proceeding. The complaint prays for an accounting, the appointment of a receiver, and an injunction restraining the defendants from prosecuting

a pending ejectment proceeding. Defendants' motion to strike the complaint was denied and an order was entered enjoining the defendants from further prosecuting their action at law in ejectment to oust the plaintiff and its tenants from the premises in question.

Defendants answered but afterwards by leave of court withdrew their answer and reinstated their motion to strike which had previously been denied. Upon reconsideration of defendants' motion to strike, the chancellor entered a decree allowing the motion, dissolving the injunction, and dismissing the complaint for want of equity, from which plaintiff appeals.

The complaint alleges in substance that on the seventh day of October 1925, Arthur Dunas and Flora Dunas executed a trust deed to secure payment of two principal promissory notes for $8,500 and $500, payable five years and two years after date, respectively, with interest at six per cent per annum payable semiannually; that the principal note for $500 and interest coupon notes were paid on or about their maturity; that on or about the 23rd of February 1926, Elizabeth Kelly acquired, subject to the lien of the trust deed, the premises commonly known as 601 South Crescent avenue, in the Village of Park Ridge, Cook county, Illinois; that on the 30th day of August 1930, Elizabeth Kelly entered into an extension agreement with the owner of the principal note extending the payment for a period of five years from October 7, 1930; that subsequent to August 30, 1930, and prior to the 18th day of February 1935, Abraham Lincoln Life Insurance Company became the holder of the principal promissory note and all of the unmatured extension interest coupon notes; and that on or about the 18th day of February 1935, plaintiff purchased all of the right, title and interest of Abraham Lincoln Life Insurance Company in the principal promissory note and the extension interest coupon notes, the trust deed, and the extension agreement.

The complaint further alleges that on the 24th day of March 1933, Abraham Lincoln Life Insurance Company filed its bill of complaint in the superior court to foreclose the lien of the aforesaid trust deed in the cause entitled *Abraham Lincoln Life Insurance Company versus Arthur Dunas, et al.,* numbered 576440; that a decree of foreclosure was entered in that cause on the 24th day of June 1933, pursuant to which the premises were sold by a master in chancery to the Abraham Lincoln Life Insurance Company; and that a master's certificate of sale issued to the Abraham Lincoln Life Insurance Company.

The complaint further alleges that Elizabeth Kelly died on the 9th of September 1931, leaving a last will and testament under the terms of which she devised and bequeathed all of her estate in trust to her daughter Laura C. Eagle and her sons James J. Kelly, Jr. and Clement F. Kelly; that plaintiff is informed and believes that James J. Kelly, Laura C. Eagle and Irene Chadwick now claim to be trustees or successor trustees under the last will and testament of Elizabeth Kelly, deceased; that the persons named as trustees were made parties defendant to the prior foreclosure proceedings as individuals but not as trustees or as successor trustees under the last will and testament of Elizabeth L. Kelly, deceased; that the trustees as owners of the equity of redemption filed in the superior court of Cook county on June 9, 1944, an action at law to eject the plaintiff and its tenants from the premises described in the trust deed, on the ground that they as trustees were not foreclosed by the former proceeding.

Defendants' motion to strike, as amended, avers substantially that the plaintiff's cause of action is barred by the prior foreclosure decree in cause number 576440 entitled *Abraham Lincoln Insurance Company versus Arthur Dunas et al.;* that the complaint upon its face shows that the notes and trust deed exe-

cuted by Arthur Dunas had been released and merged in the decree of June 24, 1933, and that the plaintiff an its alleged predecessor Abraham Lincoln Life Insurance Company have no legal capacity to sue.

Plaintiff contends that the decree in the former foreclosure proceeding is a nullity as to the trustees of the estate of Elizabeth Kelly, deceased, because they were not made parties defendant in their representative capacity.

The law seems well established that a former judgment concludes a party only in the capacity in which he is sued. (*Beach v. Shaw*, 57 Ill. 17; *Lawson v. Kolbenson*, 61 Ill. 405; *Cleveland v. Cleveland*, 225 Ill. 570; *Leonard v. Pierce*, 182 N. Y. 431; *Flanagan v. First Nat. Bank of Chicago*, 307 Ill. App. 495.) Defendants take the position that the persons named as defendant trustees in the present suit were also named as defendants in the former foreclosure proceeding as individuals and under the description of unknown heirs and devisees of Elizabeth Kelly, deceased, and therefore are bound by the decree. Defendants' position is untenable. Under the foregoing authorities the court had no jurisdiction of the defendants as trustees of the estate of Elizabeth Kelly, deceased, in the original suit, and therefore they were not bound by the foreclosure decree; nor were the trust deed and notes merged in the original foreclosure decree as contended by defendants since the former proceeding was a nullity as to defendant trustees. (*Mulholland v. Landise*, 284 Ill. App. 237, 1 N. E. (2d) 255.) Defendant trustees are bound by the trust deed but not by the decree. (*Odell v. Levy*, 307 Ill. 277.)

The record shows that the present suit was filed on August 2, 1945. The complaint alleges that the time of payment of the $8,500 note sued on was extended to October 7, 1935, and that plaintiff is in pos-

session of the premises. Defendants maintain that plaintiff's cause of action is barred by the statute of limitations and that plaintiff apparently seized possession of the premises in question without any authority in law. The question as to how the plaintiff obtained possession is not before us. In considering defendants' motion to strike we must accept the allegations of the complaint as being true. From the record and the pleadings it appears that the present suit was commenced within ten years after the principal note matured and that the plaintiff is in peaceable possession. In *Rodman v. Quick,* 211 Ill. 546, the court said, at page 550:

"Where the foreclosure proceedings are irregular for the want of proper parties and the mortgagee purchases at the sale, it amounts to no more, so far as relates to the rights of persons not made parties, than an entry for condition broken, and if a stranger to the proceedings and mortgage becomes a purchaser, he will, as to those not made parties and having an equity of redemption, take an equitable assignment of the mortgage. *Jackson v. Bowen,* 7 Cow. 13; *Robinson v. Ryan,* 25 N. Y. 320; *TenEyck v. Casad,* 15 Iowa, 524."

According to the complaint plaintiff entered into possession after condition broken and before the statute of limitations had run against the indebtedness. By doing so plaintiff pursued one of the recognized modes under the law for the collection of the mortgage debt. (*Fountain v. Bookstaver,* 141 Ill. 461, 468.) Statutes of limitation do not run against the mortgagee in possession. (*Taylor v. Baker,* 295 Ill. App. 1; Reeve, Illinois Law of Mortgages and Foreclosures, Vol. 2, p. 723.)

Defendants insist that there was never any assignment of the decree or of the certificate of sale and that no master's deed was ever issued. These allegations do not appear in the complaint, nor are they in

our opinion material, since we hold that in the original foreclosure proceeding the court never had jurisdiction of the defendant trustees.

We think the complaint states a good cause of action; that the defendants were properly enjoined from prosecuting their action at law in ejectment; and that the trial court erred in permitting the defendants to withdraw their answer and reinstate their motion to strike the complaint. In the view which we take of this case it is unnecessary to consider the other points raised.

For the reasons given, the decree (judgment order) dismissing the complaint for want of equity is reversed, and the cause is remanded for further proceedings not inconsistent herewith.

*Reversed and remanded.*

KILEY AND BURKE, JJ., concur.