PHOENIX MUTUAL LIFE INSURANCE COMPANY, Plaintiff-Appellant, v. LOUIS LEGRIS et al., Defendants.—(LOUIS LEGRIS, Defendant-Appellee; G. NORMAN FELESENA, Appellant.)

(No. 74-175;

Third District—July 25, 1975.

Bissonnette, Nutting, Thacker & Sacks, of Kankakee (Lee Thacker, of counsel), for appellant Felesena.

Kavanagh, Scully, Sudow, White & Frederick, of Peoria (Larry Leiken, of counsel), for appellant Phoenix Mutual Life Ins. Co.

Sidney Z. Karasik, of Chicago (John A. Hyde, of counsel), for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

This appeal is from an order of the Circuit Court of Kankakee County which vacated part of a mortgage foreclosure decree and also vacated orders confirming the sale, ordering distribution of the proceeds, and appointing a receiver for the premises.

On September 13, 1972, Phoenix Mutual Life Insurance Company (hereafter called "Phoenix") filed a complaint to foreclose its first mort-

gage which had been executed by Louis Legris, mortgagor, on May 17, 1963. The mortgaged premises consisted of a 350-acre farm, legal title to which was vested in First Trust & Savings Bank of Kankakee as trustee. In addition to Legris and First Trust, defendants to the foreclosure action included trustees under second- and third-mortgage trust deeds and owners of the debts secured by the second and third mortgages.

The decree of foreclosure and sale was entered December 1, 1972. Because the primary issue before us concerns the validity of this decree, it is necessary to describe its relevant portions in some detail. The first five paragraphs purport to be findings of the court that it had jurisdiction of the parties and subject matter, that the material allegations of the complaint were true, that Phoenix had a valid first lien on the premises for $125,500, and that certain amounts were due to junior lienors in a specified order of priority. The legal description of the mortgaged premises was also set out.

The sixth paragraph stated "It is therefore decreed" that the land shall be sold at a public sale on January 19, 1973. Paragraphs 7—12 contained the usual provisions for conduct of the sale and issuance of a certificate of sale by the sheriff with a reservation of jurisdiction to order distribution of the proceeds and, if necessary, to enter a deficiency decree and appoint a receiver to collect rents, issues and profits to apply to any deficiency. Paragraph 13 provided that the sale should be subject to rights of redemption but that the premises should be sold free and clear of all liens. The disputed Paragraph 14 stated:

"The Court further finds that the date of service of summons upon the last Defendant to be served herein was October 3, 1972 when service was obtained by the Sheriff of Cook County upon the Defendant, KRAFTCO, INC. That, according to law, the last date for redemption from said sale shall be October 3, 1973 or within six (6) months from the date of the foreclosure sale, whichever is later."

The final paragraph of the decree provided:

"IT IS THEREFORE ORDERED, ADJUDGED AND DE-CREED that the foregoing Decree for Foreclosure be entered and that a sale of the property foreclosed be conducted as provided herein and a report thereof made as provided herein."

As a result of the sale, the premises were purchased by appellant Felesena, who was not a party to the foreclosure suit, for $295,000, and on February 5, 1973, an order confirming the sale was entered. Thereafter an order of distribution was entered which also included a deficiency decree against Legris for $14,300 in favor of two of the junior lienholders, and on the same date a receiver was appointed.

On September 21, 1973, Legris filed a petition to vacate that part of the December 1, 1972, decree of foreclosure pertaining to its execution and all proceedings thereunder, including the sale, certificate of purchase issued to Felesena, report of sale, order approving the report of sale, order for distribution, deficiency judgment, and appointment of receiver. The petition alleged that the disputed portions of the order of foreclosure and sale were void and of no effect because the court failed to adjudicate the beginning of the period for redemption as required by statute (Ill. Rev. Stat. 1971, ch. 77, § 18e). The petition asked that possession of the premises be returned to Legris and that the receiver account to Legris for all moneys received and paid out. The petition to vacate was granted by the circuit court on March 15, 1974, and Legris was given the relief requested.

Thereafter the receiver filed his report; a motion for rehearing on the petition to vacate, filed by Felesena, was denied; and this appeal was taken by Felesena and Phoenix. Joining in the appeal is Kraftco, Inc., one of the junior creditors and a defendant in the foreclosure proceeding.

■■ In its opinion filed with the order to vacate, the circuit court held that Paragraph 14 was an adjudication of the redemption period, and not a finding of fact as contended by Legris. We agree that the language of the decree, although ambiguous, was sufficient to adjudicate the redemption period since it is evident that the ordering portion of the decree began with Paragraph 6 where the words "It is therefore decreed * * *" first appeared.

The circuit court held the foreclosure decree void for want of judicial authority to enter a decree which failed to comply exactly with section 18e of the judgments act. That section provided, in part, as follows:

> "In any suit to foreclose the lien of a mortgage * * * the court shall order, adjudge and decree in the decree foreclosing the lien, the date when the owner of the equity of redemption, or if more than one, when the last of the owners thereof, have been served with summons or by publication as required by law, or have submitted to the jurisdiction of the court. Any defendant, his heirs, executors, administrators, assigns or any person interested in the premises, through or under the defendant, may, * * * within 12 months from the date so adjudicated in the decree, or within 6 months after the foreclosure sale, whichever is later, redeem the real estate so sold * * *. The adjudication of such date in the decree of foreclosure has the effect of establishing the date for the commencement of the period of redemption under this Section and is binding on all persons and for all purposes."
> Ill. Rev. Stat. 1971, ch. 77, § 18e.

All parties agree that Paragraph 14 of the foreclosure order erroneously fixed the redemption period to begin on October 3, 1972, the date of service on the last defendant, Kraftco, Inc., a creditor, instead of September 19, 1972, which was the date of service on First Trust, the owner of the equity of redemption. Legris contends that fixing an erroneous date, in contravention of the statute, had the legal effect of failing to adjudicate any date at all and consequently when the trial court ordered the foreclosure and sale, it exceeded its jurisdiction. (See *Mortgage Syndicate, Inc. v. Do and Go Equipment, Inc.*, 7 Ill.App.3d 106, 286 N.E.2d 520 (5th Dist. 1972); *Chapman, Mazza, Aiello, Inc. v. Ace Lumber & Construction Co.*, 83 Ill.App.2d 320, 227 N.E.2d 562 (2d Dist. 1967); *Armstrong v. Obucino*, 300 Ill. 140, 133 N.E. 58 (1921).) The circuit court agreed and, relying on the cases cited by Legris, set aside the decree as a void order subject to attack after the time for appeal had expired.

In *Mortgage Syndicate, Inc. v. Do and Go Equipment, Inc.*, the court held that, without any adjudication of date of service on the owner of the equity of redemption, the redemption period cannot start to run, and that the foreclosure decree was therefore void as transcending the jurisdiction of the circuit court. Similarly, in *Chapman, Mazza, Aiello, Inc. v. Ace Lumber & Construction Co.*, the reviewing court held that a decree foreclosing a mechanics' lien which omitted any adjudication of a date fixing the commencement of the redemption period would thus purport to direct a sale and redemption not authorized by the statute. "The decree cannot transcend the statute, since it is the statute which grants the right of redemption." (83 Ill.App. 330, 332, 227 N.E.2d 562, 568.) Thus the decree was held to exceed the jurisdiction of the court, and to be not merely erroneous but void and subject to attack at any time. In *Chapman*, the court relied upon *Armstrong v. Obucino*, where a mechanics' lien foreclosure decree ordered a sale before the period of redemption began in contravention of the then applicable statute, which had been amended to require the sale after the redemption period had expired.

■■ The *Chapman* and *Mortgage Syndicate* rulings are no longer the law of Illinois for reason that section 18e was amended, effective October 1, 1973, by addition of the following: "No decree of foreclosure shall be invalidated by reason of the omission of such decree to adjudicate such date." (Ill. Rev. Stat. 1973, ch. 77, § 18e.) This enactment prevents an invalidation of a prior decree for failure to adjudicate the date for the commencement of the redemption period. In the case at bar, the circuit court on March 15, 1974, invalidated the foreclosure decree on the precise grounds referred to in the amendment. A court has no authority to declare that the legislature did not mean what the plain language of the statute imports. *City of Decatur v. German*, 310 Ill. 591, 142 N.E. 252 (1923).

Here the words used in the amendment plainly prohibit an invalidation, such as the one before us, after October 1, 1973.

The appellants also argue that even without the amendment to section 18e, *Mortgage Syndicate* and *Chapman* should be distinguished for reason that here the trial court in fact adjudicated a redemption date, albeit an erroneous one, and that therefore the decree was not void under the rule that where the court has jurisdiction of the subject matter and of the parties, a decree is conclusive and binding on the parties, notwithstanding that the court errs in its application of the law. *Wood v. First National Bank*, 383 Ill. 515, 50 N.E.2d 830 (1943); *Chicago Title & Trust Co. v. Mack*, 347 Ill. 480, 180 N.E. 412 (1932).

In *Wood v. First National Bank*, the mortgagors sought to set aside a mortgage foreclosure because the masters' report awarded the premises to the wrong bidder. After holding that the circuit court had jurisdiction over the matter of mortgage foreclosures, including the approval of a report of sale and report of deed, the supreme court held that it was immaterial how irregular or erroneous the proceedings may have been; the judgment was binding on the parties and on every court unless reversed or annulled in a direct proceeding. *Armstrong v. Obucino* was distinguished on grounds that *Armstrong* involved a mechanics' lien foreclosure where the jurisdiction of the court to direct a sale and prescribe its terms was provided solely by statute. See also *Mutual Benefit Life Insurance Co. v. Lyons*, 371 Ill. 341, 20 N.E.2d 784 (1939).

In *Chicago Title & Trust Co. v. Mack*, the circuit court, in a trust deed foreclosure action, appointed a receiver without meeting the statutory requirements of bond, notice and hearing. The court held that jurisdiction over foreclosure of mortgages and appointment of receivers is within the general equity jurisdiction of the courts, independent of the statute regulating appointments of receivers, and the application of the statute and its effect on jurisdiction or action of the court were to be decided by the trial court, subject to being set aside upon review if erroneous. The court then held that an erroneous decision arising from the misconstruction of a statute does not render the resulting judgment void. (See also 55 Am. Jur. 2d *Mortgages* § 830 (1971).) Again *Armstrong v. Obucino*, was distinguished as involving a mechanics' lien foreclosure. The same distinction would apply to the *Chapman* case, which, like *Armstrong*, was a foreclosure of a mechanics' lien.

■■ Legris contends that the policy of the law favoring redemptions should be given effect here, and directs our attention to cases holding that redemption statutes should be liberally construed. See, *e.g.*, *Skach v. Sykora*, 6 Ill.2d 215, 127 N.E.2d 453, 52 A.L.R.2d 1320 (1955) where the court extended the redemption period upon finding that the mortgagor

had deposited an inadequate amount for redemption due to a mistake of the master, and had offered the deficient amount after expiration of the statutory period. Generally it has been held that equity will give relief after the expiration of the statutory period of redemption where fraud or mistake on the part of the purchaser or a public official prevented redemption within the time prescribed. (See also *Mohr v. Sibthorp*, 395 Ill. 418, 69 N.E.2d 487 (1946); 55 Am. Jur. 2d *Mortgages* § 892 (1971).) Furthermore, where the land was sold for an inadequate price, irregularities will be seized upon to set aside a judicial sale and to permit the judgment debtor to redeem. (*Mutual Benefit Insurance Co. v. Lyons.*) However, in the case at bar, Legris is not seeking to redeem but rather to set aside the foreclosure, and to recover his farm free of the mortgage lien; he has not alleged mistake or fraud or inadequate price such as might bring this case within the rules applied above.

■■■ In the case before us, we hold that the circuit court had jurisdiction of the parties and of the subject matter, and that the decree of foreclosure, although clearly an erroneous application of the statutory provisions governing redemptions, was nevertheless binding on all parties and not void. The decree of foreclosure adjudicated the date for the commencement of the period of redemption, and Legris was not prejudiced by the decree which allowed him the right to redeem until a later date than that permitted by statute. Since a direct appeal from the foreclosure decree was not taken within the time for appeal, that decree is final, and the motion to vacate should not have been granted.

Accordingly, the order of the circuit court vacating part of the decree of foreclosure and subsequent orders is reversed, and this cause is remanded with directions to reinstate the foreclosure decree, the order confirming the sale, and other orders erroneously vacated, and for such other proceedings as are consistent with this opinion.

Reversed and remanded with directions.

ALLOY and BARRY, JJ., concur.