HOME FEDERAL SAVINGS AND LOAN ASSOCIATION OF CHICAGO, Plaintiff-Appellee, *v.* KAREN ZARKIN *et al.*, Defendants-Appellants.—(DEVON BANK, Trustee, Defendant-Appellee.)

First District (3rd Division) No. 79-254

Opinion filed November 26, 1980.

SIMON, J., dissenting.

Marshall A. Levin, of Chicago, for appellants.

Ernest D. Simon, of Greenbaum & Browne, Ltd., of Chicago, for appellee.

Miss PRESIDING JUSTICE McGILLICUDDY delivered the opinion of the court:

This is an appeal by Karen and Leon Zarkin (Zarkins), defendants in an action to foreclose a real estate mortgage, of various orders entered by the Circuit Court of Cook County.

On March 13, 1976, Leon Zarkin executed a land trust agreement with the Devon Bank, as trustee, covering the real estate commonly known as 6647 North Francisco Avenue, Chicago, Illinois. This trust was known as Trust No. 2732, and Leon Zarkin was the owner of the beneficial interest of the trust.

On December 23, 1977, Home Federal Savings and Loan Association of Chicago (mortgagee) filed a complaint to foreclose its mortgage on the above described trust property which had been executed on March 17, 1976, by Devon Bank as trustee under Trust No. 2732 (trustee). In addition to the trustee, the Zarkins, who were in possession of the premises, were also named as defendants.

The trustee was served with summons on December 29, 1977, and the Zarkins were served on January 5, 1978. Devon Bank filed its appearance and answer in the suit as a collateral assignee of the trust. The answer alleged that Leon Zarkin had assigned his beneficial interest in the trust to Devon Bank as security for a loan which was in default.

On June 8, 1978, the court entered a decree of foreclosure. The court found that the mortgagee had a valid lien on the property in the amount of $63,254.50. It also found that Devon Bank was entitled to an equitable lien in the amount of $14,626.25, but that said lien was subordinate to the lien of the mortgagee. Concerning the period of redemption, the decree stated:

> "It is ordered, adjudged and decreed that the last of the owners of the equity of redemption has been duly served with summons on December 29, 1977; and that the period of redemption shall expire and terminate twelve (12) months after said date, or six (6) months after the date of sale, whichever is later."

On July 13, 1978, the sheriff sold the property at public sale to the mortgagee, who was the highest bidder. The sum bid was equal to the amount due the mortgagee pursuant to the decree plus certain necessary costs and expenses. Subsequent to the court's approval of the report of sale and distribution of proceeds, the sheriff issued his certificate of sale to the mortgagee. Pursuant to the terms of the decree, the period of redemption expired on January 13, 1979, six months after the date of sale.

On January 5, 1979, eight days prior to the expiration of the period of

redemption, Devon Bank purchased the certificate of sale from the mortgagee. Upon learning of this action, the Zarkins immediately filed a petition alleging that Devon Bank, as the owner of the equity of redemption, had redeemed the property thus terminating the Zarkins' right of redemption. The Zarkins asserted that Devon Bank's action was a breach of the fiduciary relationship which existed between the trustee and the beneficiary, and that Devon Bank would unjustly profit from said breach. The Zarkins therefore requested that the redemption period be extended to permit them to sell the premises.

Devon Bank responded to these allegations by arguing that it purchased the certificate of sale in its individual capacity and not in its capacity as trustee. It additionally contended that the purchase in no way interfered with the Zarkins' statutory right to tender the redemption price to the sheriff, thus terminating the rights of the holder of the certificate.

On February 9, 1979, the circuit court denied the Zarkins' petition, and they appeal. The following issues are raised on appeal:

1. Whether the decree of foreclosure incorrectly adjudicated the redemption period.

2. Whether Devon Bank's purchase of the certificate of sale prematurely terminated the redemption period.

3. Whether the trustee breached its fiduciary duty to the beneficiary when it purchased the certificate.

The Zarkins first argue that the foreclosure decree incorrectly adjudicated the date for the commencement of the redemption period. The decree provided that the last of the owners of the equity of redemption were served on December 29, 1977; however, the Zarkins were not served until January 5, 1978.

At no time did the Zarkins point out this discrepancy to the trial court in order to give it an opportunity to correct its error. Thus, they have waived this issue on appeal. *Board of Trustees v. Bakalis* (1978), 64 Ill. App. 3d 967, 382 N.E.2d 26.

However, assuming that there was no waiver, we fail to see how the Zarkins were prejudiced in any manner by the error. The decree provided that the redemption period would expire 12 months after the date of service or six months after the date of sale, whichever was later. Pursuant to the decree entered by the trial court, the redemption period expired January 13, 1979, which was six months after the date of sale of July 13, 1978. If the trial court had corrected the decree to reflect that the Zarkins were served on January 5, 1978, the redemption period would still have expired on January 13, 1979. The error caused no injury to the Zarkins and did not invalidate the decree. *Phoenix Mutual Life Insurance Co. v. Legris* (1975), 30 Ill. App. 3d 678, 334 N.E.2d 399.

The second issue raised by the Zarkins is that the court erred in

failing to find that Devon Bank's purchase of the certificate of sale prematurely terminated the redemption period. They contend that when Devon Bank as trustee, an owner of the equity of redemption, acquired the certificate of sale, a merger of title occurred and the property was redeemed.

■■■ Devon Bank replies that it purchased the certificate in its individual capacity and not in its capacity as trustee. We agree. A fiduciary acting in his representative capacity is a different person for legal purposes than the same person in his individual capacity. (*Illinois Bankers Life Assurance Co. v. Dunas* (1947), 333 Ill. App. 192, 77 N.E.2d 54; see also 89 C.J.S. Trusts §3 (1955).) Moreover, equity will prevent or permit a merger as will best serve justice and the intent of the parties. (*Wechter v. Chicago Title & Trust Co.* (1943), 385 Ill. 111, 52 N.E.2d 157; *Quinn v. Pullman Trust & Savings Bank* (1968), 98 Ill. App. 2d 402, 240 N.E.2d 791.) Clearly, there was no intent on the part of Devon Bank to effectuate a merger of titles, and we have determined that no interest of justice would be served by such a holding.

The final issue raised by the Zarkins is that the court erred in failing to find that Devon breached its fiduciary obligations when it purchased the certificate of sale. They allege that Devon violated its duty of loyalty by competing with them for the acquisition of the certificate.

A trustee owes a duty of complete loyalty to his beneficiaries and must administer the trust solely in their interest. (*Sauvage v. Gallaway* (1946), 329 Ill. App. 38, 66 N.E.2d 740.) A trustee violates this duty of loyalty when he purchases trust property for his own benefit. *Bennett v. Weber* (1926), 323 Ill. 283, 154 N.E. 105.

The authorities are divided on the question of whether a purchase of trust property by the trustee at a forced sale is an exception to the general rule. A majority of authorities forbid the trustee from such a purchase despite the fact that he has no control over the sale. (Bogert, Trust and Trustees §543(C), at 244 (2d ed. 1978).) The reason for this holding is explained in the Restatement (Second) of Trusts:

> "The trustee cannot properly purchase trust property for himself even though he does not make the sale. Thus, he cannot properly purchase trust property for himself on a foreclosure sale or tax sale or sale on execution of judgment. To permit him to do so would create a situation where his personal interest would be in conflict with his duty as trustee. It is his duty as trustee to prevent the sale if possible or to see that the property is sold for as much as can be obtained. If he were permitted to bid on the property for himself at the sale, it would be for his personal advantage not to prevent the sale and to have as few bidders and as low bids as possible." Restatement (Second) of Trusts §170, comment b (1959).

However, a minority of decisions permit such a purchase when the trustee possesses no control over the sale and the sale was fairly conducted. (Bogert, Trusts and Trustees §543(C), at 247 (2d ed. 1978).) In *Victor v. Hillebrecht* (1950), 405 Ill. 264, 269, 90 N.E.2d 751, 754, *cert. denied* (1950), 339 U.S. 980, 94 L. Ed. 1384, 70 S. Ct. 1026, our supreme court accepted this minority view. See also *City of Chicago v. Hart Building Corp.* (1969), 116 Ill. App. 2d 39, 253 N.E.2d 496, *cert. denied sub nom. Keefe v. Chicago* (1970), 398 U.S. 950, 26 L. Ed. 2d 290, 90 S. Ct. 1870.

■■ We conclude, therefore, that the law of this State permitted Devon to purchase the trust property at the foreclosure sale or to purchase the certificate of sale from the successful bidder. Devon had no control over the foreclosure sale and no authority or direction to purchase the trust property on behalf of the beneficiaries. In addition, there were no allegations that the sale was conducted in an unfair manner or that Devon interfered with any attempt by the Zarkins to redeem the property.

The rationale of the authorities which support the majority view, as explained in the Restatement, is that the trustee as a prospective purchaser could be tempted to reduce his efforts to prevent the sale. Such a danger could not occur with the Illinois land trust involved in this cause. Pursuant to the terms of the land trust agreement, Devon could deal with the real estate only when authorized by the written direction of the beneficiary, Leon Zarkin. Devon had no authority whatsoever to take any action to prevent the foreclosure sale. If Devon had attempted to cure the mortgage default or later redeem the property on behalf of the beneficiaries without their specific written direction, it would have violated the terms of the trust agreement.

The Zarkins' right to redeem was not altered in any way by Devon's purchase of the certificate. If the Zarkins had tendered the redemption price to the sheriff prior to the expiration of the redemption period, the certificate of sale would have become void. (Ill. Rev. Stat. 1977, ch. 77, par. 18(e).) Devon breached no fiduciary duty when it purchased the certificate of sale.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is hereby affirmed.

Affirmed.

McNAMARA, J., concurs.

Mr. JUSTICE SIMON, dissenting:
I do not construe *Victor v. Hillebrecht* (1950), 405 Ill. 264, 90 N.E.2d 751 to authorize Devon to acquire the certificate on the Zarkin house for itself individually. Doing so was a breach of Devon's fiduciary duty.

Both *Victor* and the majority here stress that the trustee may buy only in a sale over which it has no control. The trustee in *Victor* bought on the open market. Here, in contrast, whatever the form of the transaction, Devon's purchase of the certificate amounted in reality and in equity to a redemption. Devon controlled the sale by its right to redeem: the possibility it might exercise that right forced Home Federal to part with the certificate for less than the property was worth. Devon used its position to obtain the property under an arrangement unavailable to anyone else except the Zarkins.

There are still other differences between the facts in *Victor* and this case. The trustee in *Victor* bought a share of the beneficial interest in the trust, thereby aligning his personal interest with the trust's. Devon bought an interest adverse to the trust, an especially strong lien on the trust property. *Victor* says that a trustee may not buy an encumbrance on the trust property, or a claim adverse to the beneficiary. 405 Ill. 264, 269.

The court emphasized that all the beneficiaries of the trust benefitted from his act. The Zarkins enjoyed no apparent benefit here. I do not view *Victor* as establishing principles which control this case. Devon did not have to sit on its hands and lose the money it had loaned the Zarkins. As assignee for security, Devon individually had an equity of redemption to the extent of its interest—a security interest. It was not inhibited from buying the certificate to protect itself. But when Devon, the trustee, in effect redeemed the trust property, it did so as trustee, in behalf of all concerned—the Zarkins as ultimate beneficiaries as well as Devon itself as beneficiary for security.

I would therefore remand for the circuit court to consider the present facts, the contractual relations between the Zarkins and Devon, and general trust, mortgage, and other relevant law, and determine whether Devon has any remaining duties to the Zarkins. Absent contractual arrangements to the contrary, if the property on a fair sale brings more than what Devon paid for the certificate, the amount of its secured debt, and appropriate incidental sums to which Devon may be entitled, I would order whatever is left paid to the Zarkins.