ELIZABETH M. GEHRING, Plaintiff, *v.* WILLIAM A. GEHRING, Defendant.

Supreme Court, Erie County, December 17, 1940.

*Merwin, Paul, Lesswing & Hickman* [*Wortley B. Paul* of counsel], for the plaintiff.

*McDonough & Boasberg* [*Charles J. McDonough* of counsel], for the defendant.

MALONEY, J. This is a motion made by the plaintiff pursuant to section 1171-b of the Civil Practice Act, for permission to docket a judgment in favor of plaintiff and against defendant for accrued alimony in the amount of $11,275, with interest. Plaintiff's motion is predicated upon the alleged failure of the defendant to pay to the plaintiff the sum of fifty dollars per month as provided in a judgment of separation granted in favor of the plaintiff and against

the defendant, entered in the Erie county clerk's office on the 30th day of April, 1921.

Defendant moves, pursuant to section 1170 of the Civil Practice Act, for an order modifying the judgment aforesaid *nunc pro tunc*, as of April 30, 1921, that part of said judgment decreeing that the defendant pay to the plaintiff the sum of fifty dollars monthly for her support and maintenance.

Further, the defendant, in addition to said motion aforesaid, sets up affirmative objections to the granting of plaintiff's motion, and, among others, the following are important, viz.: That the plaintiff made and delivered to the defendant her release in writing drawn by her attorney at her request dated the 7th day of April, 1921, releasing the defendant from making the payment of alimony provided in the judgment; that plaintiff thereafter lived in adultery and a child was born to her out of wedlock; that thereafter she took up her abode with another man and lived in adulterous relations.

The court in Equity Term heard the arguments on the motions and the attorneys submitted moving and answering affidavits. This presented sharp conflicts of facts requiring the court to refer certain questions to an official referee of this court to take testimony and report his findings of fact.

The official referee made a report of his findings and among others he found that the plaintiff made and delivered a release prepared by her attorney to defendant; that there was no valid consideration for such release; that plaintiff since 1921 has lived in adultery and a child was born to her out of wedlock.

The official referee was warranted in finding that the alleged consideration for the said release was against public policy and void.

I quote from the defendant's affidavit: " The upshot of our discussions and arguments on the subject was that she told me that she had a right to live her own life, but finally agreed that if she was intimate with another man, I would not be obliged to support her. She told me that she had had sexual intercourse with Healy and that she intended to continue to do so in the future. She said that if I would not interfere in any way and allow her to live her own life, and not seek evidence on which to sue her for divorce, she would release me from my obligation to support her, and from the provisions of the order which had been served on me. I agreed to this."

Adultery is defined by section 100 of the Penal Law as " sexual intercourse of two persons, either of whom is married to a third person." The bonds of matrimony were not severed by the judg-

ment of separation granted the plaintiff. The defendant with full knowledge of the meretricious conduct of the plaintiff entered into the agreement aforesaid.

The agreement was in fact a license given by the husband to the wife to commit adultery (it appears that the date of the release, April 7, 1921, predates that of the entry of the judgment of separation, April 30, 1921).

I confirm *in toto* the findings of the official referee.

We are now met with the question of the legal effect of such an agreement. The parties hereto having recognized the agreement and abided by its terms for a period of nineteen years or more are not in a position now to come into a court of equity with clean hands. The wife having committed adultery and in addition having put herself in a position over a period of two decades to warrant a finding that she had the opportunity and inclination to commit adultery, and further in failing to deny certain acts of adultery alleged by her husband in his answering affidavits, the court is of the opinion that her conduct has been such as to warrant this court in finding that she is not entitled to the relief sought herein.

Furthermore, the husband by entering into such an illicit agreement to condone and in condoning his wife's meretricious conduct over the period of years aforesaid, warrants a finding to the effect that he was a party to an illicit conspiracy entered into with his wife to circumvent the penal and civil law of this State. The price paid defendant for not interfering with the sordid activities of plaintiff was the relinquishing by plaintiff of the alimony decreed to be paid to her by defendant.

The contention that the plaintiff had a fixed right to an order allowing plaintiff to docket judgment as prayed for in her moving papers is no longer effective. Section 1171-b provides that this court may grant the relief sought by plaintiff. The language of this section is such as to make the granting of the order discretionary with the court. The illicit benefits that inured to each of the parties since 1921 were such as this court finds to be on a parity  To grant the orders herein sought by either or both of them would be a travesty on justice, a premium for a gross disregard of the marriage contract and would be an unjust enrichment of plaintiff who has lived on the bounty of the license granted to her by her husband.

In *Probst* v. *Probst* (259 App. Div. 1090, 1091) the court said: " To permit recovery by the mother for the support of the son when others were supporting him and he was supporting himself would be an unjust enrichment of her." (See, also, *Swanton* v. *Curley*. 273 N Y 325.)

It appearing from the aforesaid that neither of the parties has come into equity with clean hands, this court is precluded from granting either of them the relief sought herein. Let orders be entered denying the motions of both of the parties hereto, without costs to either party as against the other.