Chapman, Mazza, Aiello, Inc., an Illinois Corporation (Vernal Frette, Assignee and Petitioner), Petitioner-Appellant, v. Ace Lumber and Construction Co., Inc., an Illinois Corporation, Ace-Bilt Homes, Inc., an Illinois Corporation, National Brick Company, an Illinois Corporation, Material Service Division of General Dynamics Corporation, a Delaware Corporation and "Unknown Owners," Defendants, and Beverly Bank, Not Individually, But as Trustee Under Trust No. 8–0160, Defendant-Appellee.

Gen. No. 66–94.

Second District.

June 13, 1967.

Goldsmith, Dyer, Thelin and Schiller, of Aurora, for appellant.

Corrigan and Mackay, of Wheaton, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

This is an action brought by Chapman, Mazza, Aiello, Inc., to foreclose a mechanic's lien on real estate legally vested in the Beverly Bank, as Trustee.

On January 11, 1965, the circuit court entered a decree awarding a lien under the Mechanics' Lien Act. (Ill Rev Stats 1965, c 82, pars 1–39 incl.) The decree found that the plaintiff had entered into several contracts, in the fall of 1963 and winter of 1964, to furnish concrete and masonry labor and materials to be incorporated in an apartment building being constructed on the premises in question; and that as a result of work done and the subsequent compliance with the provisions of the Mechanics' Lien Act, the plaintiff had a valid lien in the amount of $28,866.74.

The decree ordered that the specified sum due be paid to the plaintiff within five days and, upon failure of such payment, that the premises be sold in accordance

with the law to satisfy said lien. It also detailed the procedures under which the Master in Chancery was to conduct the sale and directed that he deliver to the purchasers at such sale a Certificate of Sale, which, among other things, was to set forth "the time when such purchaser or purchasers will be entitled to a deed for said premises, if the same shall not be redeemed according to law."

The decree further provided that "if the premises so sold shall not have been redeemed within the time allowed by the laws of the State of Illinois," the Master should execute and deliver a deed to the holder of the Certificate of Sale, and that all defendants and any persons claiming under them, thereafter would be barred from any claim to the premises "which shall not have been redeemed according to law."

The Master's sale under the decree was held on February 11, 1965, and the premises were bid in by the plaintiff for the full amount due, plus costs. The Order Approving the Report of Sale was entered on March 22, 1965. The Certificate of Sale issued by the Master provided:

> "And I do Further Certify, That the said Chapman, Mazza, Aiello, Inc. legal representatives or assigns, will be entitled to a deed of said premises on the 11th day of February A. D. 1966, unless the same shall be redeemed according to law."

Section 16 of the Judgments Act (Ill Rev Stats 1965, c 77, par 16) provides for the issuance of a certificate of sale when real estate is sold by virtue of the enforcement of a mechanic's lien and sets forth the contents of such certificate, including "the time when the purchaser will be entitled to a deed, unless the premises shall be redeemed, as provided in this Act."

Section 18 of the Act (Ill Rev Stats 1965, c 77, par 18) relating to the redemption period from a judicial sale of real estate, states in part:

"Any defendant . . . may . . . except as in Section 18e of this Act provided, within 12 months from the sale, redeem the real estate so sold . . . ."

And, section 18e of the Act (Ill Rev Stats 1965, c 77, par 18e) provides in part:

"In any suit . . . to foreclose any other lien upon real estate arising or created on or after the effective date of this amendatory Act . . . the court shall order, adjudge and decree in the decree foreclosing the lien, the date when the owner of the equity of redemption, or if more than one, when the last of the owners thereof, shall have been served with summons or by publication as required by law, or shall have submitted to the jurisdiction of the court, and any defendant . . . may . . . within 12 months from *the date so adjudicated in the decree, or within 6 months after the foreclosure sale, whichever is later, redeem the real estate so sold . . . . The adjudication of such date in the decree of foreclosure shall have the effect of establishing the date for the commencement of the period of redemption under this section* and shall be binding on all persons and for all purposes." (Emphasis ours.)

Section 18e reduces the time within which one may redeem from the foreclosure of a lien upon real estate. The mechanic's lien in this case arose subsequent to August 7, 1961—the date of the Amendatory Act—and, thus, the provisions of section 18e are applicable to this suit. Contrary to the mandate of the statute, the final decree did not contain the express adjudication of the

325

date when the owner of the equity of redemption was served with process or submitted to the jurisdiction of the court.

The Beverly Bank was served with summons on July 11, 1964, although this fact was not noted or adjudicated in the decree. Under the applicable statute, the last day for redemption should have been August 11, 1965, six months after the foreclosure sale of February 11, 1965.

On September 14, 1965, the Beverly Bank filed a petition reciting that the foreclosure decree and subsequent sale and order confirming the sale were all made and entered without notice to it, although it had appeared and answered in the case; that the final decree failed to state the date of service of summons upon the last owners of the equity of redemption as required by the statute; that it had been thereby prejudiced; and that the foreclosure decree and Certificate of Sale and Decree confirming the Report of Sale should be set aside.

No order appears to have been entered on this petition, and on February 1, 1966, the Beverly Bank filed a petition to redeem, tendering the amount necessary therefor. The court, on the same date, entered an order declaring that the Bank had the right to redeem. Both the petition and order recited that the Certificate of Sale provided that the purchaser would be entitled to a deed on February 11, 1966, unless the premises were redeemed according to law. Obviously, it was the position of the court that the Bank had the right to redeem until that date.

On February 3, 1966, Vernal Frette, alleging that she was the assignee of the Certificate of Sale by virtue of an assignment dated January 10, 1966, petitioned the court to amend the final decree so as to expressly provide that the Beverly Bank was the owner of the equity of redemption; that it had entered its appearance on August 14, 1966; and that the period of redemption would expire 12 months from that date, or 6 months

from the foreclosure sale, whichever was the later. The petitioner also claimed to be entitled to a deed immediately by reason of the provisions of section 18e of the Judgments Act.

Vernal Frette thereafter, on February 14, 1966, filed a motion to vacate the order permitting redemption. The Beverly Bank filed a countermotion or petition praying that the decree and all subsequent actions taken in furtherance thereof be vacated and set aside or that, in the alternative, the redemption by it be held proper.

The court entered an order vacating the final decree of January 11, 1965, and all subsequent actions based thereon. Vernal Frette appealed to this court from the last mentioned order contending that the trial court was without jurisdiction, because of the lapse of time, to enter the order vacating the decree; and that it should have amended the decree nunc pro tunc to include the date of service of summons on the Beverly Bank and should have directed the issuance of a deed. The Beverly Bank contends that the failure to incorporate the date when it was served with summons, as required by statute, rendered the decree, and all subsequent proceedings thereon, void as in excess of the court's jurisdiction; and that the decree was, therefore, subject to attack subsequent to 30 days from the date of its entry. In the alternative, it argues that any amendment to the decree should be prospective only in its operation from the date it is made, and that the redemption would not then be late.

■■ A final decree, ordinarily, may not be attacked subsequent to 30 days after its entry. Brockmeyer v. Duncan, 18 Ill2d 502, 505, 165 NE2d 294 (1960) ; Oskvarek v. Richter, 32 Ill App2d 438, 442, 178 NE2d 209 (1961). After 30 days, a final judgment or decree may be attacked in a very limited manner and only under certain prescribed circumstances. In the absence of a timely appeal, a final decree may be attacked under section 72

327

of the Civil Practice Act (Ill Rev Stats 1965, c 110, par 72). This section amalgamated into a single petition the variety of post-judgment and decree remedies formerly available in legal, equitable and statutory civil cases. The cases construing the section have accorded it a broader perspective than that given to various forms of post-judgment relief available at the common law. Brockmeyer v. Duncan, supra; Ellman v. De Ruiter, 412 Ill 285, 106 NE2d 350 (1952); Mieszkowski v. Norville, 61 Ill App2d 289, 297, 298, 209 NE2d 358 (1965); Wilson v. Wilson, 56 Ill App2d 187, 193, 205 NE2d 636 (1965).

■ In addition to the conditions under which relief may be obtained under section 72, a void judgment may be attacked at any time in any court, directly or collaterally. Cherin v. R. & C. Co., 11 Ill2d 447, 453, 143 NE2d 235 (1957); Barnard v. Michael, 392 Ill 130, 135, 63 NE2d 858 (1945); DePhillips v. DePhillips, 63 Ill App2d 19, 25, 211 NE2d 147 (1965). Section 72 of the Civil Practice Act specifically reaffirms, in subparagraph (7) thereof, that nothing contained in that section affects any existing right to relief from a void decree.

The petition of the Beverly Bank, on which the order was entered vacating the decree and all subsequent proceedings, was filed more than 30 days after the entry of the final decree. We are of the opinion, however, that the court had jurisdiction to entertain the petition and to vacate its prior decree under the rule of law last mentioned: namely, the power of a court to set aside its void decrees at any time.

■ The decree foreclosing the mechanic's lien was defective in that it failed to specifically order, adjudge and decree the date on which the owner of the equity of redemption was served with process or submitted to the jurisdiction of the court. This defect was sufficient, in our opinion, to render the decree void, in part.

328

■ The right of redemption is a statutory right. It is the statute—not the decree—which gives this right. Illinois Nat. Bank of Springfield v. Gwinn, 390 Ill 345, 353, 61 NE2d 249 (1945). It is apparent that the putative right of redemption contemplated by the decree in this case was not that granted by section 18e. This section, by its terms, establishes the date for the commencement of the redemption period from the foreclosure of mechanics' liens created after its effective date. There are certain exceptions not important here.

■ The legislature required that the date of service of process on the owner of the equity of redemption, or the date that such owner submitted to the jurisdiction of the court, be set forth and adjudicated in the decree. The language of the statute is mandatory: it is obligatory upon the court to incorporate and adjudge that date in its decree.

■ Absent such an adjudication, the redemption period cannot start to run. The statute gives the right to redeem "within 12 months *from the date so adjudicated in the decree, or within 6 months after the foreclosure sale, whichever is later.*" (Emphasis ours.) The statute makes "the adjudication of such date" the essential requisite to the establishment of the date for the commencement of the period of redemption. In the case at bar, there was not even a finding of such date in the decree. Even if such had been the circumstance, our courts have frequently held that when a statute calls for the decree to adjudicate the required date the mere finding of such date in the decree is not sufficient. See: Chechik v. Koletsky, 305 Ill 518, 519, 137 NE 419 (1922); Weberpals v. Jenny, 300 Ill 145, 150, 151, 133 NE 62 (1921); Central Republic Bank & Trust Co. v. Bent, 281 Ill App 365, 371, 372 (1935).

The wisdom of the legislature in this respect becomes very apparent in the case before us. Section 18e has the effect of shortening the period of redemption from

329

all sales to which it is applicable. Thus, it is important that any person, who possesses the right of redemption, should not lose that right by mistake or misinterpretation.

Under section 18, the Beverly Bank would have had a right to redeem at any time within 12 months from the date of sale, or until February 11, 1966, but under section 18e, this right would have terminated on August 11, 1965. We believe that the legislative purpose inherent in section 18e was to apprise any owner or owners having a right of redemption of the time within which such right must be exercised; and we also believe that such purpose could be adequately accomplished through the adjudication of such date in the decree.

The prudence of requiring such adjudication in the decree to establish the date for the commencement of the running of the redemption period is apparent for another reason found in this case. Even if all parties were aware that section 18e was applicable, they might disagree as to the redemption period, either through misapprehension with reference to ownership of the equity of redemption, or through misunderstanding relative to the date which would be established for the commencement of the period of redemption, dependent upon the procedure whereby the court acquired jurisdiction of such owner or owners.

The statute states that the court shall adjudicate "the date when the owner of the equity of redemption, or if more than one, when the last of the owners thereof, shall have been served with summons or by publication as required by law, or shall have submitted to the jurisdiction of the Court . . . ." In this case, the Beverly Bank was served with summons on July 11, 1964, and entered its appearance in the case on August 5, 1964. From the pleadings filed in the court below, it appears that Vernal Frette would treat the date of the

entry of appearance as the crucial date for the purposes of the redemption statute even though the defendant Bank was served with summons.

We interpret the statute differently, and believe that the date when the Bank submitted to the jurisdiction of the court by the entry of appearance would have significance only if summons had not been previously served upon it. Also, Vernal Frette, in her petitions, recited August 14, 1964, as the date of the entry of appearance, rather than August 5, 1964, when, from the information before us, the entry of appearance appears to have been filed.

We mention this only to further suggest the legislative sagacity in requiring an adjudication of the relevant date as a prerequisite to the commencement of the redemption period. It is abundantly clear that the statute requires that the date be adjudicated, and that absent the adjudication, the redemption period does not commence to run. We must give effect to this legislative intent. Droste v. Kerner, 34 Ill2d 495, 503, 217 NE2d 73 (1966).

The trial court did not adjudge the date when the owner of the equity of redemption was served with process as required under section 18e. The decree, foreclosing the lien and referring to the redemption permitted by law, purported to decree a right to redeem under section 18 of the Judgments Act, rather than section 18e. The Certificate of Sale issued by the Master, a copy of which was recorded, purported to establish 12 months from the date of sale as the period in which to redeem. It provided that the purchasers would be entitled to a deed thereunder on February 11, 1966—12 months from the date of sale—if the premises were not redeemed. The Report of Sale of the Master recites that he issued the Certificate of Sale as directed by the decree. The order of the court approving the Report finds that the

Master proceeded in accordance with all of the terms of the decree.

██ ██ The decree thus purported to direct a sale and redemption which the statute did not authorize. The decree cannot transcend the statute, since it is the statute which grants the right of redemption. The part of the decree which purported to grant a right of redemption beyond that conferred by the statute was an act beyond the jurisdiction of the court and was totally void.

 Jurisdiction, in a given case, refers not only to the power of the court to hear and determine a particular matter, but also to its power to render the particular judgment in question. Where the court, after acquiring jurisidiction of the parties and the subject matter, enters a decree which transcends the statute conferring jurisdiction on it, such decree exceeds the jurisdiction of the court in this respect and is void. It may be attacked, directly or collaterally, even though more than 30 days has elapsed from the date of its entry. The People ex rel. Castle v. Spivey, 10 Ill2d 586, 591, 592, 141 NE2d 321 (1957); Ward v. Sampson, 395 Ill 353, 361, 70 NE2d 324 (1946); Thayer v. Village of Downers Grove, 369 Ill 334, 339, 16 NE2d 717 (1938); Woodward v. Ruel, 355 Ill 163, 173, 174, 188 NE 911 (1934); DePhillips v. DePhillips, supra, 25.

██ In this case, the court had jurisdiction of the parties and of the subject matter. Had it possessed the inherent power to render the particular decree in question, its decree would have been immune from collateral attack, no matter how erroneous it may have been. However, the right of redemption is created solely by statute and the court had no authority to transcend its limits and to decree a redemption other than that conferred by the statute. The decree in this regard was not only erroneous, it was void.

Armstrong v. Obucino, 300 Ill 140, 133 NE 58 (1921) also involved a mechanic's lien suit. The question before

332

the court was whether the sale made contrary to the provisions of the statute, but in conformity with the directions of the decree under which it was made, was null and void, and, therefore, subject to collateral attack, or whether it was merely erroneous and subject only to a direct attack.

The decree provided for the sale of the premises unless the plaintiff paid the amount due within five days, and provided that the sale was to be made subject to redemption according to the statute existing prior to July 1, 1917. That statute provided for the sale of the premises on due notice after decree, and for the delivery of a deed if the premises were not redeemed within 15 months from the date of sale. In 1917, the legislature amended this statute and provided that the amendments should apply to all liens arising after July 1, 1917. The amendatory sections provided for the sale of the premises after the period of redemption expired, namely: after 15 months from the first certificate of levy.

The lien before the court arose subsequent to July 1, 1917, and the provisions of the decree relative to the sale of the premises and redemption should have conformed to the statute, as amended. The court held that the decree of the trial court was not merely erroneous, in ordering a sale and redemption under an inapplicable statute, but was void. At pages 142 and 143 it stated:

"The statement has very frequently been made that where a court has jurisdiction of the parties and the subject matter, its decree, however erroneous, can only be attacked on appeal or error; but the rule is subject to an exception equally well settled,—that a decree may be void because the court has exceeded its jurisdiction. The bill prayed for the enforcement of the lien by a sale beyond and contrary to the powers given by the statute for enforcing mechanics' liens, and it does not not follow that because the court had acquired jurisdiction of

the parties and the subject matter it could make such a decree as was prayed for. Courts are limited in the extent and character of their judgments, and if they transcend their lawful powers their judgments and decrees are void and may be collaterally impeached wherever rights claimed under them are brought in question. The doctrine that where a court has once acquired jurisdiction it has a right to decide every question which arises in the cause, and its judgment or decree, however erroneous, cannot be collaterally assailed, is only correct when the court proceeds according to the established modes governing the class to which the case belongs and does not transcend in the extent and character of its judgment or decree the law or statute which is applicable to it. (Windsor v. McVeigh, 93 US 274; United States v. Walker, 109 id. 258; Rogers v. Dill, 6 Hill, 415; Folger v. Columbian Ins. Co., 99 Mass 267; Fithian v. Monks, 43 Mo 502; Seamster v. Blackstock, 83 Va 233; Anthony v. Kasey, id. 338; Charles v. White, 214 Mo 187.) Where a court, after acquiring jurisdiction, has assumed to enter a decree for a sale which goes beyond the limits of the jurisdiction and transgresses the law the decree is void, and the sale based thereon is likewise an absolute nullity. (16 RCL 7.)"

Vernal Frette contends that Armstrong, which contained express language in the decree contrary to the statute, is distinguishable from the case at bar where there was no precise language in the decree ordering a right of redemption contrary to that set forth in the statute. However; in the case before us, the very absence in the decree of the language required by section 18e is evidence that the court was not following the relevant statute and was proceeding contrary to the mandate of the statute. The Certificate of Sale, which provided a redemption period of 12 months from the

date of sale and the approval thereof by the court, leaves no doubt that the court was decreeing a right to redeem under section 18, a power it did not possess. The decree was directly contrary to the appropriate statute and transcended the extent of the authority given the court thereunder. Armstrong v. Obucino, supra, 145.

■■■ However, the fact that the decree of the court is void, with reference to its provisions for the sale and redemption of the pertinent property, does not render the entire decree void. Where parts of a decree are clearly separable, only that part which is in excess of the authority granted to the court is void; and the remainder is valid. People v. Sbarbaro, 386 Ill 581, 591, 592, 54 NE2d 559 (1944); Kimbrough v. Parker, 344 Ill App 483, 488, 101 NE2d 617 (1951); 49 CJS, Judgments, § 450.

In Sbarbaro, the court on page 591, quoting from Belford v. Woodward, 158 Ill 122, 41 NE 1097 (1895), stated:

> "When two matters adjudicated upon by a judgment are shown upon the face of the judgment record to be easily and naturally separable, and one of them to be within the jurisdiction of the court, and the other to be beyond its jurisdiction, the judgment may be held to be valid as to the former matter, and void as to the latter. In such case, the judgment will be sustained so far as it adjudges what the court has the power to adjudge as being within the issue, and will be void so far as it attempts to adjudicate upon what is beyond its power as being outside of the issue."

The foreclosure decree contained two distinct and separable parts. The first part adjudged the rights of the parties as between themselves: namely, that the plaintiff was entitled to a lien against the premises in a specific amount and that the defendants, Beverly Bank,

as Trustee, and Ace-Bilt Homes, Inc., and each of them, were liable for payment of the sum found due. The second part of the decree related to the execution of the decree: it provided for the sale of the premises in the event the judgment was not paid; the manner of making the sale; the redemption rights thereunder and the right to a deed under such sale. Thus, the decree would be executed in accordance with the adjudicated rights and liabilities of the parties. In this sense, a foreclosure decree has been likened to an equitable execution providing the manner in which it shall be enforced. Sterling Nat. Bank v. Martin, 213 Ill App 566, 569 (1919). Our courts have long treated the two parts of a foreclosure decree as distinct and separate, with that part relating to the sale and redemption under such a decree being recognized as merely the manner of enforcing the rights fixed by the remainder of the decree. Totten v. Totten, 299 Ill 43, 47, 132 NE 277 (1921); Dillenburg v. Hellgren, 291 Ill App 448, 452, 10 NE2d 44 (1937).

 Thus, we hold that only that part of the decree relating to the manner of executing the rights adjudicated by the decree is void; and that part finding and adjudicating the amounts due the plaintiff, the respective rights of the parties relative to the sum found due, the persons obligated to pay such sum and the existence of a lien against the premises for said sum is, and remains, a valid decree.

Vernal Frette also contends that the trial court should have granted her petition to amend the foreclosure decree, nunc pro tunc, to adjudicate the date required by the statute. Had this been done, the amendment would have related back to the original date the decree was entered—February 11, 1965—and would have cured the defect contained in the decree. However, any attempted redemption after August 11, 1965, would have been too late. Such an order would not have been appropriate here.

A nunc pro tunc order is one presently made to show what was done earlier, and it takes effect from such prior date. It is a device to supply an omission and to enter of record an order actually made, but omitted from the record. It may correct clerical misprisions, but not supply omitted judicial action nor correct judicial errors. Channel v. Merrifield, 206 Ill 278, 282, 69 NE 32 (1903); Barnett v. Werner, 13 Ill App 2d 494, 497, 498, 142 NE2d 830 (1957); Ill Rev Stats 1965, c 7, par 2; 23 ILP, Judgments, § 93; 49 CJS, Judgments, §§ 117, 118, 237.

Obviously, the omission in the decree in this case was not one of form. Had the trial court amended this decree, nunc pro tunc, by adding thereto the date when the owner or owners of the equity of redemption were served with process or submitted to the jurisdiction of the court, such amendment would have substantially changed what was done rather than cause the court proceedings to speak the truth as to what was done at the time of the entry of the decree. As pointed out in Sinnock v. Marney, 250 Ill App 266, 270, 271 (1928), such an amendment is appropriate where neither party will be prejudiced by the subsequent change. Had such an amendment been permitted in this case, the right to redeem, supposedly granted by the decree, would have been lost to the Beverly Bank. The court erred in decreeing a redemption, which exceeded its statutory jurisdiction, and the nunc pro tunc amendment would only have compounded this error.

For the reasons stated herein the order vacating the decree of January 11, 1965, is affirmed insofar as it relates to that part of the decree pertaining to the sale of the real estate and the right of redemption; and the order is further affirmed insofar as it vacates and sets aside the sale had under the decree, the Certificate of Sale and the decree confirming the Master's Report of

Sale; and the order is reversed insofar as it vacates that portion of the decree not relating to its execution.

The cause is, therefore, remanded for the entry of a supplemental decree which shall adjudicate the date when the owner or owners of the equity of redemption of the premises were served with process and shall authorize a sale and redemption thereof pursuant to section 18e of the Judgments Act, and shall provide such further proceedings as are then necessary to execute said decree.

Affirmed in part; reversed in part, and remanded.

MORAN and ABRAHAMSON, JJ., concur.