MORTGAGE SYNDICATE, INC., Plaintiff-Appellant, *v.* DO AND GO EQUIPMENT, INC. *et al.,* Defendants-Appellees.

(No. 71-67;

Fifth District—August 18, 1972.

W. C. Spomer, of Cairo, for appellant.

Gilbert Rosch, of Granite City, and Robert L. Lansden, of Cairo, for appellees.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

This is an appeal from the trial court's refusal to enter a deficiency decree against the individual endorsers of a note secured by a real property mortgage in an action brought to foreclose the mortgage and for a personal deficiency decree.

In 1965, defendant, Do and Go Equipment Company, mortgaged certain real estate as security for an original indebtedness of $62,500 and concurrently executed a note in that amount which defendants Eileen P. Glick, Jerry Glick and William E. Haase signed on the back above the words "Without Recorse." Eileen P. Glick and Jerry Glick, husband and wife, were president and secretary, respectively, of defendant Do and Go Equipment Company. There is no explanation as to the identity of William E. Haase in the record or briefs. When payments were not made as provided in the note, the plaintiff-mortgagee filed a complaint to fore-

close the mortgage and for a deficiency judgment against all defendants. Defendants were served, all entered their appearances and filed their answers to the complaint. The trial court entered a decree of foreclosure and sale, and a deficiency decree against Do and Go Equipment Company, but it held "that plaintiff, Mortgage Syndicate, Inc., recover nothing against the defendants Eileen P. Glick, Jerry Glick, and William E. Haase, by reason of a deficiency in the sale price under mortgage foreclosure sale."

■■ The plaintiff contends that the trial court erred in failing to enter a deficiency decree against the individuals who signed the back of the note. Its argument is that the individual defendants signed as accommodation parties for the Do and Go Equipment Company, and as such, are sureties with primary and direct liability. In foreclosure proceedings, a surety on an underlying note secured by a real property mortgage may not be called in to make up for a deficiency resulting from foreclosure of the real property. (*City of Chicago v. Chatham Bank of Chicago*, 54 Ill.App.2d 405; *Walsh v. Van Horn*, 22 Ill.App.170.) Accordingly, the trial court was correct in refusing to enter a deficiency decree against the endorsers of the note. As pointed out in *Conerty v. Richtsteig*, 379 Ill. 360, 41 N.E.2d 476, a mortgage and accompanying promissory note constitute separate contracts, and any provision in the mortgage not found in the note itself is not part of the note and does not affect the personal liability of the maker of the note. The instant action was instituted for foreclosure only and the statutory form of complaint specified in ch. 95, sec. 23.6 (Ill. Rev. Stat., ch. 95, sec. 23.6) was followed. Although the plaintiff sought a deficiency decree against the endorsers of the note, and the statutory form seems to permit it, a deficiency decree is nevertheless not permitted under the authority of the cases above cited. Moreover, we do not regard the statutory suggested form for a mortgage foreclosure complaint to have effected a change in the law with regard to entry of a deficiency decree against endorsers of a mortgage note. As said in the case of *City of Chicago v. Chatham Bank of Chicago, supra:*

"Section 23.6 is a purely procedural amendment and it does not change the law in existence at the time the amendment was adopted. Had the legislature so intended they could very easily with apt words have expressed their intention to make guarantors liable for a deficiency judgment in a foreclosure action."

Defendants Jerry Glick and Eileen P. Glick contended in the trial court and also contend in this court that they were released from personal liability on the note because of an extension of payment agreement entered into between the maker of the note, defendant Do and Go Equipment, Inc., and the payee, the plaintiff. The trial court entered a decree

of foreclosure and sale and a deficiency decree against Do and Go Equipment, Inc., but it held "that plaintiff Mortgage Syndicate, Inc., recover nothing against the defendants, Eileen P. Glick, Jerry Glick and William Haase, by reason of a deficiency in the sale price under mortgage foreclosure sale." Under the issues presented, the trial court's order could be construed to mean only that a deficiency judgment could not be entered against the individual endorsers in the mortgage foreclosure suit. This, then, would not preclude the plaintiff from bringing suit at law to establish the endorsers' liability on the note. However, the order of the trial court could also be construed to mean that the endorsers were released from all personal liability on the note because the court believed that the renewal agreement exonerated the individual endorsers. This would preclude the plaintiff from bringing suit at law to establish the endorsers' liability on the note.

■■ As we have noted above, the complaint in this case did not seek an adjudication of the liability of the Glicks upon the note. We therefore interpret the trial court's order to mean only that a deficiency judgment could not be entered against the Glicks in the mortgage foreclosure proceeding, and not to mean that the Glicks were released from personal liability on the note because of the extension' agreement. Accordingly, the plaintiff may henceforth institute an action against the Glicks seeking to impose their liability upon the debt represented by the note. It is that debt alone for which the Glicks are personally liable. A holder of a note may discard the mortgage entirely and sue on his note. (*Oswianza v. Wengler & Mandell, Inc.*, 358 Ill. 302, 193 N.E. 123; *Sturgis Nat. Bank v. Harris Trust and Savings Bank*, 351 Ill. 465, 184 N.E. 589.) Because of our holding, the doctrine of *res judicata* would not operate to bar a subsequent action on the note.

Defendants also contend that the decree of foreclosure and sale is void in part because it failed to specifically "order, adjudge, and decree" the date upon which the owner of the equity of redemption was served with process or submitted to the jurisdiction of the court "as required by Illinois Revised Statutes, 1969, ch. 77, par. 18E." Appellant contends that this matter is not properly before this court on appeal, it being raised now for the first time, and that defendant had sufficient time to redeem and did not.

■■ A void judgment may be attacked at any time in any court, directly or collaterally. (*Cherin v. R. & C. Co.*, 11 Ill.2d 447, 453, 143 N.E.2d 235; *Barnard v. Michael*, 392 Ill. 130, 135, 63 N.E.2d 858; *DePhillips v. DePhillips*, 63 Ill.App.2d 19, 25, 211 N.E.2d 147.) The right of redemption is a statutory right. (*Illinois National Bank of Springfield v. Gwinn*, 390 Ill. 345, 353, 61 N.E.2d 249.) Ill. Rev. Stat., ch. 77, par.

18E, requires that a decree of foreclosure set forth the date of service of process on the owner of the equity of redemption, or the date that such owner submitted to the jurisdiction of the court. Absent such requirement, the date of redemption period cannot start to run. (*Drose v. Kerner*, 34 Ill.2d 495, 503, 217 N.E.2d 73.) The final decree rendered by the court below failed to provide the date of service of process on the owner of the equity of redemption, or the date that such owners submitted to the jurisdiction of the court. The court, therefore, transcended its statutory jurisdiction thereby rendering the part of the foreclosure decree as to its execution invalid, although valid as to the rights of the parties between themselves. *People ex rel. Barrett v. Sbarbaro*, 386 Ill. 581, 591, 54 N.E.2d 559, 563; *Belford v. Woodward*, 158 Ill. 122, 41 N.E. 1097.

For the foregoing reasons this case is affirmed as to that portion of the decree which provides that the plaintiff recover nothing against the defendants, Eileen P. Glick, Jerry Glick, and William E. Haase, under the foreclosure proceeding, and remanded for a supplemental decree establishing the date when the owner or owners of the equity of redemption of the premises were served with process and authorizing the sale and redemption thereof pursuant to Section 18E of the Judgments Act.

Affirmed and remanded with directions.

EBERSPACHER and JONES, JJ., concur.