CHICAGO TITLE & TRUST COMPANY, as Trustee, Plaintiff-Appellant, *v.* THE NATIONAL BANK OF ALBANY PARK IN CHICAGO *et al.*, Defendants-Appellees.

(No. 58479;

First District (1st Division)—January 21, 1974.

*Modified opinion upon denial of rehearing March 14, 1974.*

Morris A. Haft, of Chicago (Bernard Allen Fried, of counsel), for appellant.

Concannon, Dillon, Snook & Morton, and Samuel Morgan, both of Chicago (John B. Dillon and Samuel Morgan, of counsel), for appellees.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Chicago Title and Trust Company, not individually but as Trustee Under Trust No. 55855. (plaintiff) appeals from an order granting the motion of National Bank of Albany Park in Chicago (Bank of Albany Park); Lake City Equity Finance Corporation (Lake City) and Ritchie Realty Company (collectively referred to as defendants) to dismiss plaintiff's complaint for an accounting. No evidence was heard. The trial court acted upon the pleadings, briefs filed by both sides and argument of counsel.

■■ We will first summarize the pertinent facts which appear from the properly pleaded allegations of plaintiff's complaint, admitted by the motion to dismiss. (*Holiday Magic, Inc. v. Scott*, 4 Ill.App.3d 962, 963, 282 N.E.2d 452.) Plaintiff alleged execution by Harris Trust and Savings Bank, not individually but as Trustee Under Trust No. 33312, of three mortgage trust deeds upon the subject property, each of which provided for a waiver of all rights of redemption from sale under any decree of foreclosure thereof. (See Ill. Rev. Stat. 1971, ch. 77, par. 18b.) In order of priority, the indebtedness secured by these trust deeds was owned by Bank of Albany Park, Lake City and Jack and Julius Kaplan. The Kaplans, owners of the third and junior lien, were not made parties to the cause before us.

Plaintiff's complaint also alleged that defaults in payment of all of these mortgages were made by plaintiff's predecessor in title. A number

of mechanics' liens were filed against the property and foreclosure proceedings were instituted by the lien claimants. The holders of the three mortgages all filed counterclaims for foreclosure. A decree of foreclosure was entered in the cause on August 17, 1971. The decree found the amounts of the indebtedness due upon each of the three mortgage liens, all of the mechanics' liens having previously been paid. The decree provided for sale of the subject property for payment of all of the liens and costs. It also provided for execution by the sheriff and delivery to the purchaser of a certificate of sale and recordation of the duplicate thereof. It also provided that upon the expiration of the statutory period of redemption, the sheriff was to issue a deed to the holder of the certificate of sale.

Plaintiff's complaint further alleged that the property was sold by the sheriff on September 30, 1971. Bank of Albany Park and Lake City were the successful bidders. Their bid was $698,753.70 which resulted in a surplus of $536.58 after payment in full of the first two liens owned by these purchasers. The record shows that the sheriff reported to the court that he had paid the surplus to Jack and Julius Kaplan on account of the third and junior lien which had remained unpaid. On October 20, 1971, the sheriff's report of sale and distribution of proceeds was approved.

Plaintiff also alleged that thereafter on February 1, 1972, plaintiff "still being entitled to said real estate" made demand upon defendant Ritchie Realty Company, as agent of the mortgagee in possession, for payment of all sums held by it "arising out of the operation of the premises, both before and after September 30, 1971" (date of the foreclosure sale). Plaintiff alleged that, despite waivers of redemption in all three of the mortgages, the decree of foreclosure had provided for redemption and for the issuance of a certificate of sale by the sheriff with delivery of the sheriff's deed to be delayed until expiration of the period of redemption. The complaint set forth a legal conclusion that the foreclosed mortgages had merged in the decree. Plaintiff also alleged "that since no deficiency decree" was entered in the case, plaintiff was entitled to possession of the property during the full period of redemption and to all monies resulting from operation of the property. Plaintiff alleged that the period of redemption was 12 months from the date of sale as "provided in Section 18, Ch. 77, of the Ill. Rev. Stats." The plaintiff also alleged that the sheriff's deed, recorded February 14, 1972, was without validity and should be set aside as a cloud on plaintiff's title.

In their motion to dismiss, the defendants averred that plaintiff's complaint showed that plaintiff had itself been a party to the foreclosure proceedings as a duly-named defendant and that the decree of foreclosure had provided that the grantees in the sheriff's deed were to be

let into possession upon issuance of the deed. The motion set forth that the decree was at most erroneous in granting plaintiff a three-month period of redemption to which it was not entitled and, because plaintiff had never appealed from the decree, the attempted collateral attack thereon was invalid.

In this court, plaintiff contends that the purchaser at a mortgage foreclosure sale is not entitled to possession of the property or to the rents until the execution and delivery of a deed; since the foreclosed mortgages had merged into the decree of foreclosure, the rights of the purchasers at sale were governed completely by the decree not by the mortgage; and, because the purchasers received the full amount of their indebtedness at the sale, their debts were fully satisfied and they could not retain profits resulting from operation of the premises prior to the sale. The defendants urge that plaintiff was a party to the foreclosure and could have obtained an accounting in those proceedings. Having failed to do so, plaintiff should be barred from seeking relief in a separate action. Defendants also contend that all rents collected by them prior to the sale had been accounted for and that the waiver of redemption rights prevented plaintiff from obtaining an accounting for rents received after the sale. The final contention of defendants is that because of the existing deficiency on the third mortgage lien, plaintiff would not be entitled to the rents under any circumstances.

Prior to a discussion on the merits of the situation, it would seem useful to describe certain additional proceedings in the previous foreclosure litigation. As alleged in plaintiff's complaint, the proceedings originated as a foreclosure of a number of mechanics' liens. Holders of the three mortgages became parties to the cause and filed counterclaims for foreclosure of their liens. The mechanics' liens were all purchased in due course by Bank of Albany Park and all of the lien claimants were dismissed. Proof of the amounts due on all three mortgages was made in open court on July 22, 1971. Plaintiff was previously made a party defendant to the foreclosure and a general appearance had been filed for it by its counsel. The decree found the amounts due to the holders of all of the mortgages and granted them liens in the order of priority. The decree provided for sale of the property by the sheriff unless all three of the liens with interest and costs were paid. But, despite the waiver of redemption as regards all three of the mortgage liens, the sheriff was directed to issue a certificate of sale to the purchaser instead of a deed. (See Ill. Rev. Stat. 1971, ch. 77, par. 18b, enacted in 1957.) The decree further provided that, absent redemption, "upon expiration of the statutory period of redemption following the sale," the sheriff was to

deliver a deed to the legal holders of the certificates of sale who should thereupon be let into possession.

On October 20, 1971, upon due notice to all parties in interest, the court entered an order approving the sale and the application of proceeds thereof. The order also directed that since the mortgages being foreclosed provided for waiver of redemption, there was a statutory redemption period of 90 days for creditors which would expire December 30, 1971. The court also found that the counterclaimants Jack Kaplan and Julius Kaplan, were entitled to a lien in the amount of $122,223.61 so that they were entitled to the surplus in the amount of $536.58 which the sheriff was ordered to pay to them on account of the amount due.

On October 12, 1971, the sheriff issued a certificate of sale to the purchasers (Bank of Albany Park and Lake City) reciting their bid at the sale and other matters and stating that if the premises were not redeemed within the time provided by law, the purchasers would be entitled to a deed from the sheriff on December 30, 1971. On February 3, 1972, the sheriff issued a deed conveying the property to these purchasers. The deed recited that no redemption had been made as provided by statute.

Further elucidation is hardly required to show the erroneous nature of the proceedings. In view of the waiver of redemption by the corporate trustee in all three of the mortgage trust deeds, as authorized by the statutory law of Illinois, the decree should have provided that the mortgagors and all persons claiming under them, which included plaintiff, were divested of all redemption rights and that upon confirmation of the sale the sheriff should immediately execute and deliver a deed conveying the property to the purchaser. Decree or judgment creditors of the mortgagor in its representative capacity as trustee or of the trust estate would then have the statutory three month period after the sale within which to effect redemption. (See Ill. Rev. Stat. 1971, ch. 77, par. 18b, enacted in 1957.) The decree itself and the order approving the sheriff's report of sale (neither entered by the judge who dismissed the complaint herein) are inconsistent each with the other and the decree is inconsistent with the applicable statute.

The matter of rents during the period before sale was the subject of negotiation during the pendency of the foreclosure between counsel for plaintiff and for Bank of Albany Park and Lake City. As a result, both attorneys signed a "letter of understanding" on December 21, 1970. This was some eight months prior to the foreclosure decree. The letter provided that Bank of Albany Park would take possession of the property under its assignment of rents and would use the services of Ritchie Realty Company as managing agent. The letter further provided that

rentals collected from the property should be used for payment of mechanics' liens "as mutually agreed upon between us" and for payment of current and delinquent real estate taxes. Counsel for plaintiff was to be furnished with written bimonthly accounts of receipts and disbursements for his approval. The letter provided that the motion made by the mortgage lien holders for appointment of a receiver should be withdrawn without prejudice.

■■ It readily appears from the above that the basic issue decided by the trial court was the sufficiency of the complaint which alleged the foreclosure of the mortgages, the decree and subsequent proceedings which satisfied the first two senior liens held by Bank of Albany Park and Lake City and then a demand by plaintiff for all sums resulting from operation of the premises both before and after sale which was rejected. Plaintiff's first contention is that it, as owner of the equity of redemption, and not the defendants, Bank of Albany Park and Lake City, as purchasers at the mortgage sale, was entitled to possession of the property and to the rents until delivery of the deed. Stated abstractly, this is an elementary and valid principle of foreclosure law decided by the early cases cited by plaintiff and still the law of Illinois. (*Community Savings & Loan Association v. Cosmopolitan National Bank*, 72 Ill.App.2d 202, 208, 219 N.E.2d 103; *Schaeppi v. Bartholomae*, 217 Ill. 105, 75 N.E. 447 and *Sutherland v. Long*, 273 Ill. 309, 112 N.E. 660.) However, the issue here is not simply and solely the right of plaintiff to the rents after sale and during the period of redemption but whether defendants or any other person had a superior right to these sums if any there were. As above noted, plaintiff did not make Jack and Julius Kaplan, owners of the third mortgage lien, parties to this suit. It appears definitely and affirmatively from the record that if any profit resulted from operation of the premises after sale, it should have been applied upon the deficiency due these owners of the unpaid third mortgage indebtedness.

The third lien trust deed executed by plaintiff's predecessor in title provided that all rents, issues and profits from the property were pledged to secure the indebtedness "primarily and on a parity with said real estate and not secondarily." The decree in the foreclosure case gave the owners of the third mortgage indebtedness a valid and subsisting junior lien superior to the rights of all other parties to the cause in the amount of their indebtedness. The order of the court approving the sheriff's report of sale and distribution found that the total amount then due upon the third mortgage indebtedness was $122,223.61. The sheriff was directed to pay the small surplus of $536.58, resulting from the successful bid, to Jack Kaplan and Julius Kaplan to be applied on the account of the amount due. It was, therefore, not only proper but also necessary that

any surplus resulting from management and operation of the property after sale would be applied upon the deficiency due the third mortgage indebtedness rather than being paid to plaintiff. Thus, regardless of the rights of the purchasers at the sale, plaintiff cannot prevail and is not entitled to any relief or accounting as to rents after sale unless and until the deficiency due on the third mortgage indebtedness is paid in full. There is no allegation in plaintiff's complaint that the amount of moneys due upon any accounting would exceed the deficiency due upon the third mortgage.

Plaintiff attempts two responses to this point. Plaintiff argues first that the decree specifically provided that the liens of the first two mortgages extended to the rents, issues and profits of the premises whereas the language of the decree as regards the third mortgage provides only that its lien should be valid and subsisting and does not specify that it shall have a lien upon the rents. Plaintiff urges that the foreclosed trust deed merges into the decree. This argument is completely negated by the fact that the same decree provides that any deficiency remaining after the sale "shall be a lien on the rents, issues, and profits of the said premises during the period of redemption." Under any theory it cannot be denied that the rents and profits, if any, should be applied on the deficiency due upon the valid third mortgage indebtedness rather than paid to plaintiff.

■■ Plaintiff's second response is that no "deficiency decree" was ever entered by the court in favor of the owners of the third mortgage debt. But, as pointed out by defendants, no deficiency decree, in the sense of a decree imposing personal liability as in a judgment at law, was required to vest in the holders of the third mortgage debt a lien upon the rents which would be senior and superior to the rights of plaintiff. In *Branch v. Barnes,* 19 Ill.App.2d 472, 154 N.E.2d 337, a junior mortgagee commenced mortgage foreclosure proceedings and obtained the appointment of a receiver for the property. The first mortgage holder took possession under an assignment of rents. Moneys which it collected were applied on the first mortgage and a balance was given to the mortgagor. In determining the validity of this action, this court held that a mortgagee in possession must apply rents from the property on account of the indebtedness due him and that he may not deliver the rents to the owners but should apply them toward satisfaction of his own debt and then upon account of the sums due the owner of a junior mortgage indebtedness.

In *Liss v. Harris,* 304 Ill.App. 173, 26 N.E.2d 133, this court considered virtually the same contention raised by plaintiff in the case before us. There, property was sold under a mortgage foreclosure sale leaving a deficiency. No personal decree or money judgment was entered against

the mortgagor for this amount. After expiration of the period of redemption, the court directed the receiver in possession to pay a surplus resulting from the rents to the lien holder upon account of the deficiency. The owners of the equity of redemption appealed predicating their contentions upon the lack of a deficiency decree. This court held that even in the absence of personal liability or a personal decree against any party for the amount of the deficiency, the rents were to be turned over to the lien holder upon account of the deficiency due after sale. This court reviewed a number of authorities all coming to the conclusion that the deficiency decree was unnecessary as such because the equitable lien of the mortgage by its terms applied to the rents, issues and profits.

The above also eliminates plaintiff's final contention to the effect that defendants could not retain profits resulting from the premises prior to the foreclosure sale because their debt was fully satisfied by the sale. Any surplus resulting from operation of the premises prior to sale, would not be due and owing to plaintiff under any circumstances prior to complete satisfaction of the third mortgage lien. In addition, the record shows that possession of the premises was voluntarily delivered to the holders of the first and second mortgages by agreement between counsel for these parties and plaintiff's predecessor in title. This was done for the purpose of acquiring mechanics' liens and the payment of taxes. There is no allegation in the complaint that any surplus remained after these items had been paid. In addition, if such surplus did exist, it should have been paid to the owners of the unsatisfied third lien.

■■ The final contention advanced by plaintiff is also valid in its abstract form. Plaintiff urges that the rights of the purchaser at the sale are governed by the decree on the theory that the foreclosed mortgages became merged in the decree. This theoretical statement is undoubtedly sound as illustrated by the authorities cited by plaintiff. (*Ogle v. Koerner,* 140 Ill. 170, 179, 180, 29 N.E. 563, and *Phillips v. O'Connell,* 331 Ill.App. 511, 534, 73 N.E.2d 864.) The record shows that the issue here is whether plaintiff had any rights of redemption in the premises after sale. Regardless of the merger of the trust deeds into the decree, the fact remains that the right of redemption is a statutory right which "is entirely independent of the decree. It is the statute which gives the right and not the decree." *Illinois National Bank of Springfield v. Gwinn,* 390 Ill. 345, 353, 61 N.E.2d 249.

In *Illinois National Bank of Springfield,* the Illinois Supreme Court dealt with the effect of an amendment to the Federal Soldiers' and Sailors' Civil Relief Act of 1940 which provided that the period of military service of an owner of real estate should not be included in computing the time allowed for redemption of his real property from a mortgage foreclosure

sale. (See 50 U.S.C.A. App., par. 525.) The Supreme Court of Illinois held that the right of redemption is given by the statute and that (390 Ill. at 353):

> "A purchaser at a foreclosure sale buys the property subject to the statutory right of redemption, which can be exercised in the mode prescribed by statute, regardless of the provisions of the decree and notwithstanding the premature issuance of a master's deed in accordance with such decree."

■■ We find the above principle cited with approval in *Chapman, Mazza, Aiello, Inc. v. Ace Lumber & Construction Co.*, 83 Ill.App.2d 320, 329, 227 N.E.2d 562, and also in *Mortgage Syndicate Inc. v. Do & Go Equipment, Inc.*, 7 Ill.App.3d 106, 109, 286 N.E.2d 520. In the case at bar, the redemption rights of plaintiff and plaintiff's claim to the rents, issues and profits during the period of redemption have their origin in the statute and not in the decree. Plaintiff's predecessor in title executed proper waivers of all redemption rights in accordance with the statute. Erroneous provisions in the decree of foreclosure providing for redemption of the property after sale cannot confer redemption rights or an interest in rental income after sale upon plaintiff. Plaintiff is bound completely by the statutory waiver of redemption contained in each of the trust deeds executed by its predecessor in interest. Regardless of the merger of the trust deeds into the decree, the waiver of redemption by plaintiff's predecessor in title was predicated upon the applicable statute. After the waiver had been properly executed, the redemption rights could not be revived for any purpose by the merger of the trust deeds into the palpably erroneous decree.

It is patently clear that the decree of foreclosure should have provided for issuance of a deed to the successful bidders immediately upon approval of the sale. Actually plaintiff here had no equitable right or interest in the premises after the foreclosure sale. It must be conceded by all concerned that the decree should have followed the mandate of the statute and the waivers in all three trust deeds and should have provided for immediate issuance of the deed. This would have terminated plaintiff's rights of every kind in the foreclosed premises. Only creditors would then possess the right of redemption within three months. See Ill. Rev. Stat. 1971, ch. 77, par. 18b.

■■ In view of the above disposition, we need not consider the remaining contentions of defendants. We will, however, comment upon two additional matters. After the trial court had announced the decision to sustain the motion of defendants to dismiss plaintiff's complaint, counsel for plaintiff made an oral motion to amend the complaint. This was denied by the court. This ruling is not before us for consideration since no

proposed amendment was ever submitted to the trial court. (*Austin Liquor Mart, Inc. v. Department of Revenue*, 51 Ill.2d 1, 8, 280 N.E.2d 437; *Zamouski v. Gerrard*, 1 Ill.App.3d 890, 898, 275 N.E.2d 429.) However, in this court, plaintiff has submitted a proposed amendment to the complaint and has moved for leave to file it under Supreme Court Rule 362 (Ill. Rev. Stat. 1971, ch. 110A, par. 362). Defendants objected on the ground of failure of the motion to make the necessary showing required under subsection (b) of the rule. We have examined the proposed amendment filed with us. In our opinion, it adds no essential fact to plaintiff's original complaint which contained an ample statement of the facts required to raise the issues of law above decided. Plaintiff's motion for leave to file an amendment to its complaint is accordingly denied.

Defendants filed a motion to strike plaintiff's brief and argument which was also taken with the case. Upon consideration of this motion it is also denied. The judgment of dismissal of plaintiff's complaint is accordingly affirmed.

Judgment affirmed.

EGAN, P. J., and BURKE, J., concur.